## EMILY SWARNES, Administratrix, etc.

*v.*

## JOHN A. SITTON.

1. NEW TRIAL—*disqualification of jurors.* On the authority of the case of *Vennum* v. *Harwood*, 1 Gilm. 659, a new trial will be granted where it appears that two of the jurors who sat upon the trial of the case, had, at a former term, served upon a jury which found a verdict against the defendant, in a similar case against her, involving a similar loss, in the same manner, and at the same time.

2. SAME—*rule otherwise, where the same counsel was engaged in both cases.* But a new trial will not be awarded for that reason, where it also appears in such case, that the same counsel, on behalf of the defendant, was engaged on the trial of both causes. Under these circumstances, a party can not be deprived of the benefit of his verdict. It was the duty of counsel, knowing the disqualification of these jurors, to recollect the fact, and make available in proper time, the objections which existed against them.

3. Nor in such case will it avail the defendant, that these jurors were examined touching their qualification, and answered that they knew nothing of the case, or that they had no previously formed opinion in it, it appearing that such examination was conducted, and the statement of the case made, in such a general way as not to have brought to the attention of the jurors the fact of the former trial, or to have been calculated to elicit from them any thing in regard to it.

APPEAL from the Circuit Court of Greene county; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. WOODSON & WITHERS and Mr. N. M. KNAPP, for the appellant.

Mr. H. CASE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by John A. Sitton against Emily E. Swarnes, administratrix of Lewis Swarnes, deceased, to recover the value of a quantity of wheat shipped on the steamboat Badger, of which the said Lewis was owner and commander, for St. Louis, and alleged to have been wholly lost through his negligence.

A verdict and judgment were rendered in favor of the plaintiff, and the defendant brings the record here, claiming a reversal of the judgment, on the ground that two of the jurors who sat on the trial of the case, had at a former term served upon a jury which found a verdict against the defendant, in a similar case against her, involving a similar loss upon the same boat, at the same time, and that instructions were improperly given and refused.

The affidavits introduced on the hearing in the court below of the motion for a new trial, show that two of the jurors at the term before, had sat upon a jury which found a verdict against the defendant, in a similar case against her, involving a loss upon the same boat, at the same time it was alleged the wheat sued for was lost, and on their examination at the time of being empanelled, they stated that they knew nothing of the case to be tried, and that they had no previously formed opinion. These two jurors had essentially prejudged the case against the defendant, and she had a sufficient ground of challenge against them ; and if there had been no fault or negligence on her part, or that of her counsel, in not exercising her right of challenge, she would have been entitled to a new trial, on account of the disqualification of these jurors. *Vennum* v. *Harwood*, 1 Gilm. 659.

The defendant was the party defendant in the former case. One of her present counsel was engaged in the trial of it, and knew that these two jurors sat on that trial, and if he or the defendant did not, as stated, recollect the fact, the consequences of such forgetfulness or inattention, should not be visited upon the plaintiff, to deprive him of the benefit of his verdict. The previous trial of a similar question, at the former term of the same court, should have put the defendant or her counsel upon inquiry of the jurors, in regard to any knowledge or information concerning the facts of that case.

The inquiry of the jurors, so far as appears, was as to their acquaintance with the facts of the case in hand; and they might well have answered that they knew nothing of the

case to be tried, or that they had no previously formed opinion in it, either in forgetfulness of the former trial, or in ignorance that the opinion formed in the former case involved the having formed one, virtually, in the case pending. And although it is said that the nature of the case was stated to the jury at the time they were empanelled, we must take it to have been in such a general way as not to have brought to the attention of the jurors the fact of the former trial, or to have been calculated to elicit from them any thing in regard to it. We are compelled to say, that proper diligence was not exercised in this case to discover and make available, in proper time, the objections which existed against these jurors.

The two following instructions were asked by the defendant, and refused :

" No. 11.   The court instructs the jury that if the evidence shows that the plaintiff was a forwarding and commission merchant, and that the wheat shipped was the property of other persons left with him to ship, to sell, or on commission for them, he can not recover for such wheat of other persons, unless it also appears that he has been compelled to pay, and has paid, the same to the owners.

" No. 12.   The court further instructs the jury for the defendant, that unless the jury shall believe, from the evidence, that the wheat mentioned in the several counts of the plaintiff's declaration belonged to plaintiff Sitten, they must find for defendant."

Without intending to have it implied that in case there had been any evidence upon which to found these instructions, they should have been given, it is sufficient to say, that they were properly refused, because there was no evidence in the case upon which to base them.

There is no testimony whatever of witnesses in regard to the ownership of the wheat, except that several witnesses speak of it, incidentally, as the plaintiff's wheat. We do not consider that the bills of lading furnish any evidence that the

plaintiff shipped the wheat for other owners, to consignees of their own selection, as is claimed by appellant's counsel. There is nothing in them indicative of such fact, unless it be that they show the sacks of wheat were marked with certain initials.   But we can give to them, alone, no significance as evidencing ownership of the wheat in other persons.   Such mere initials, of themselves, seem to be entirely unmeaning.

The objections to the instructions given for the plaintiff, seem to rest upon the same ground, of want of ownership of the wheat, and are removed in the same way, as having no foundation in the evidence.

The judgment is affirmed.

*Judgment affirmed.*