VIRGINIA AND SOUTHWESTERN RAILWAY COMPANY
V. SKINNER, AND SAME V. HARRIS.

September 9, 1915.

1. INSTRUCTIONS — *Negligence* — *Ignoring Plaintiff's Contributory Negligence.*—Where the contributory negligence of the plaintiff is relied on as a defense to an action of tort, and the evidence tends to support that view of the case, it is error to instruct the jury to find for the plaintiff if they believe the defendant was negligent, ignoring entirely the contributory negligence of the plaintiff. Such an instruction in effect tells the jury that they are to find for the plaintiff if they believe the defendant was negligent, notwithstanding the plaintiff may be guilty of such contributory negligence as would bar recovery.

2. INSTRUCTIONS — *Defective Instruction* — *Contradictory Instructions.*—The defect in the instruction mentioned in the previous paragraph is not cured by other instructions given by the court with respect to contributory negligence. That makes a case of contradictory instructions upon a material point which would require the verdict to be set aside, as it cannot be said whether the jury was controlled by the one or the other.

3. APPEAL AND ERROR—*Reversal for Erroneous Instruction.*—Where a case is reversed because of contradictory instructions given by the trial court, this court cannot consider the evidence and dispose of the case on its merits. To do this would involve a radical departure from the uniform and long established practice of this court. When a judgment is reversed because of error in the instructions, this court always withholds, as improper, any expressions of opinion upon the weight of the evidence where it is conflicting, and the case must be remanded for a new trial. The evidence may not be, and often is not, the same at the second trial as it was at the first.

Error to judgments of the Circuit Court of Wise county in separate actions of trespass on the case. Judgment in

each case for the plaintiff. Defendant in each case assigns error.

*Reversed.*

The opinion states the case.

*Powell, Price & Shelton* and *Bullitt & Chalkley,* for the plaintiff in error.

*Vicars & Peery* and *Morton & Parker,* for the defendants in error.

Harrison, J., delivered the opinion of the court.

These two cases grew out of the same accident and were heard together in this court with the understanding that the evidence, instructions and exceptions found in the Skinner record should be looked to in both cases, being applicable alike to each.

The accident was the result of a collision between the Virginia and Southwestern Railway Company's engine and an automobile at a public crossing in Wise county, caused, as alleged, by the negligence of the defendant company. The automobile was driven by the defendant in error, Charles Harris, and was occupied, in part by the other defendant in error, D. H. Skinner. There was a verdict and judgment in favor of Harris, who was the owner of the automobile, for $350 as compensation for the damage alleged to have been done his car, and in favor of the defendant in error, D. H. Skinner, for $8,000 as compensation for personal injuries alleged to have been suffered by him. These judgments are now before us for review.

At the bar of this court the plaintiff in error assigns and insists upon but two errors: First, to the action of the court in refusing to set aside the verdict and grant a new trial on the ground that the same was contrary to the law and the evidence; second, to the action of the court in giv-

ing for the plaintiffs, over the objection of the defendant, instruction No. 4, which was as follows: "The court further instructs the jury that if they believe from the evidence in this case that the servants and employees of the defendant company in charge of the engine in approaching the crossing, saw and knew of the position of peril of the occupants of the automobile in question, or by the exercise of reasonable care could and would have seen and known of such position of peril, and thereafter failed to use reasonable care to avoid the injury, and that by reason of such failure to use reasonable care to avoid the injury, the injury resulted, the defendant is liable and they must find for the plaintiff."

We are of opinion that this instruction is fatally defective, in that it ignores the question of contributory negligence on the part of each of the plaintiffs. The contributory negligence of each of these plaintiffs was relied on by the defendant as a ground of defense, and the evidence tended strongly to show that they were guilty of contributory negligence and that such negligence continued up to the time of the accident. This court has repeatedly sustained the objection taken to this instruction and held that where the contributory negligence of the plaintiff is relied on as a defense to an action of tort, and the evidence tends to support that view of the case, it is error to instruct the jury to find for the plaintiff if they believe the defendant was negligent, ignoring entirely the contributory negligence of the plaintiff. This instruction, in effect, told the jury that if they believed the defendant was negligent, their verdict should be for the plaintiff, notwithstanding the important element that the plaintiff should be free from contributory negligence before he could recover. The instruction should have concluded with the usual proviso, "unless they believe that the plaintiff was guilty of contributory negligence." The decisions

of this court in support of the view we have taken of the instruction under consideration are very numerous. We shall, however, cite only the case of C. & O. Ry. Co. v. Saunders, 116 Va. 826, 83 S. E. 374, which is the most recent of the cases referred to.

It is equally well settled that the defect in this instruction is not cured by other instructions given by the court with respect to contributory negligence. That makes a case of contradictory instructions upon a material point, which would require the verdict to be set aside, as it cannot be said whether the jury were controlled by the one or the other. Va. & N. C. Wheel Co. v. Chalkley, 98 Va. 62, 34 S. E. 976; N. & W. Ry. Co. v. Mann, 99 Va. 180, 37, S. E. 849; Richmond Pass. &c. Co. v. Steger, 101 Va. 319, 43 S. E. 612; C. & O. Ry. Co. v. Whitlow, 104 Va. 90, 51 S. E. 182; Southern Ry. Co. v. Hansbrough, 107 Va. 733, 60 S. E. 58.

We are urged by learned counsel for the defendant company to go further and consider the evidence and dispose of the merits of the controversy. To do this would involve a radical departure from the uniform and long established practice of this court. Innumerable cases might be cited to show that when a judgment is reversed because of error in the instructions, this court always withholds, as improper, any expression of opinion upon the weight of the evidence where, as here, it is conflicting and the case must be remanded for a new trial. The evidence may not be and often is not the same at the second trial that it was at the first.

Both judgments must be reversed, the verdict in each case set aside and the cases remanded for a new trial in each not in conflict with the opinion of this court.

*Reversed.*