## Richmond.

## Washington-Southern Railway Co. v. Grimes' Adm'r.

January 16, 1919.

Absent, Sims, J.

1. Crossings—*Imputable Negligence—Contributory Negligence of Passenger.*—While the negligence of the driver is not to be imputed to the passenger, it is the duty of the passenger to use ordinary care for his own safety. In approaching a grade crossing of a railroad, he should look and listen for approaching trains. The track is a signal of danger to him, and his failure to exercise reasonable precaution for his own protection is contributory negligence and bars a recovery.

2. Instructions—*Partial View of the Evidence—Omission of Defendant's Theory as to Contributory Negligence.*—In an action for death of plaintiff's intestate by a collision at a highway crossing between an engine of defendant and an automobile, in which she was being driven by her husband, an instruction that the jury, if they believed from the evidence that the defendant was guilty of any negligence alleged in the declaration whereby decedent came to her death, should find a verdict for the plaintiff, was erroneous, in that while the instruction directed a verdict, it omitted the theory of the defendant that plaintiff's intestate was guilty of contributory negligence that barred her right to recover and deprived defendant of the right to rely on that defense.

3. Instructions—*Partial View of the Evidence—Omission of Defendant's Theory as to Contributory Negligence.*—When the contributory negligence of the plaintiff is relied on as a defense to an action of tort, and the evidence tends to support that view of the case, it is error to instruct the jury to find for the plaintiff if they believe that the defendant was negligent, ignoring entirely the contributory negligence of the plaintiff.

4. Instructions—*Partial View of the Evidence—Omission of Defendant's Theory as to Contributory Negligence—Contradictory Instructions.*—And where an instruction directs a verdict, if the jury believe that defendant was negligent, ignoring the

contributory negligence of the plaintiff, the defect is not cured by other instructions given by the court with respect to contributory negligence. That makes a case of contradictory instructions upon a material point, which would require the verdict to be set aside, as it cannot be said whether the jury were controlled by the one or the other.

Error to a judgment of the Circuit Court of Fairfax county, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Moore, Keith, McCandlish & Hall* and *Eppa Hunton, Jr.,* for the plaintiff in error.

*C. V. Ford* and *Nicol & Nicol,* for the defendant in error.

WHITTLE. P., delivered the opinion of the court.

Plaintiff in error, administrator of Caroline H. Grimes, brought this action against defendant in error, the Washington-Southern Railway Company, to recover damages for the death of his intestate alleged to be due to defendant's negligence. Plaintiff recovered a verdict for $5,000, to the judgment upon which this writ of error was granted.

The accident happened at 4:59 p. m. on December 21, 1916, while Joseph H. Grimes and his wife, plaintiff's intestate, were traveling east, in a Ford runabout, along the public highway where it crosses the defendant's tracks at Lorton crossing. The automobile was struck by a fast northbound passenger train, and both of the occupants were instantly killed. Intestate was on the side of the automobile from which the train was coming, and, therefore, it is contended was in better position to have discovered its approach than was her husband.

[1]  Instructions were requested both by plaintiff and defendant.  The principal assignment of error for which a reversal of the judgment is pressed is to the giving of the last paragraph of instruction No. 1 at the request of the plaintiff.  The instruction is as follows:

"The court instructs the jury that though they should believe from the evidence that Joseph S. Grimes was guilty of negligence whereby Caroline H. Grimes came to her death by reason of the collision of an automobile in which were seated said Joseph S. Grimes and his wife, Caroline H. Grimes, with an engine of the Washington-Southern Railway Company—yet if they further believe from the evidence that Joseph S. Grimes, the husband, was driver of said automobile at the time of said collision, and that his wife neither had nor exercised any control over her husband, in the operation of said automobile immediately prior to said collision or at the time of said collision; the negligence, if any, of said Joseph S. Grimes cannot be imputed to his wife, the said Caroline H. Grimes, *and the jury are further instructed that if they believe from the evidence that the defendant was guilty of any negligence alleged in plaintiff's declaration, whereby the said Caroline H. Grimes came to her death, they should find a verdict for the plaintiff in this case.*" (Italics ours.)

The correctness of the first part of the instruction is conceded.  *Va. Ry. & Power Co.* v. *Gorsuch*, 120 Va. 655, 91 S. E. 632.

Nevertheless, "while the negligence of the driver is not to be imputed to the passenger, it is the duty of the passenger to use ordinary care for his own safety.  In approaching a grade crossing of a railroad, he should look and listen for approaching trains.  The track is a signal of danger to him, and his failure to exercise reasonable precaution for his own protection is contributory negligence and bars a recovery." *Southern Ry.* v. *Jones*, 118 Va. 685, 88 S. E. 178.

[2]   It was to the last paragraph of the instruction that the first assignment of error was directed   Although the instruction directs a verdict, it omits the theory of the defendant that plaintiff's intestate was guilty of contributory negligence that barred her right of recovery and deprived it of the right to rely on that defense.   While we forbear to intimate any opinion on the merits of the defense of contributory negligence as a bar to recovery, we have no doubt of the sufficiency of the evidence to entitle the defendant to have the jury correctly instructed on that theory of the case.

[3]   Judge Harrison, in *Virginia & S. W. Ry. Co.* v. *Skinner*, 117 Va. 851, at page 853, 86 S. E. 131, at page 132, in discussing a similar instruction at page 853, observes: "We are of opinion that this instruction is fatally defective, in that it ignores the question of contributory negligence on the part of each of the plaintiffs.   The contributory negligence of each of these plaintiffs was relied on by the defendant as a ground of defense, and the evidence tended strongly to show that they were guilty of contributory negligence, and that such negligence continued up to the time of the accident.   This court has repeatedly sustained the objection taken to this instruction and held that when the contributory negligence of the plaintiff is relied on as a defense to an action of tort, and the evidence tends to support that view of the case, it is error to instruct the jury to find for the plaintiff if they believe that the defendant was negligent, ignoring entirely the contributory negligence of the plaintiff."

[4]   We have thus quoted at length from Judge Harrrison's opinion because what he says is as applicable to the case in judgment as it was to the case in which the opinion was delivered.   Both cases involved injuries to passengers in automobiles from collisions with railway trains at public road crossings.   The two cases are similar in their facts and indistinguishable in principle, and that case, upon the instruction,

is decisive of this.  Authorities to the same effect might be multiplied, but the above case sufficiently illustrates the doctrine we are considering.  It also decides that "It is equally well settled that the defect in this instruction is not cured by other instructions given by the court with respect to contributory negligence.  That makes a case of contradictory instructions upon a material point, which would require the verdict to be set aside, as it cannot be said whether the jury were controlled by the one or the other."  A number of decisions are cited to sustain the last proposition.

This view renders it unnecessary to notice the remaining assignments of error, which either involve questions controlled by this ruling, or that are not likely to arise at the next trial.

Our conclusion is that the judgment under review must be reversed, the verdict of the jury set aside and the case remanded for a new trial in conformity with the views herein expressed.

*Reversed.*