# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

ATLANTIC COMPANY, A CORPORATION, ETC., AND ANOTHER
v. JAMES ROBERTS.

June 8, 1942.

Record No. 2528.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston
and Spratley, JJ.

The opinion states the case.

*Thomas A. Williams, L. C. O'Connor* and *Thomas A. Williams, Jr.*, for the plaintiffs in error.

*Baldwin & Muse*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

James Roberts, while driving a horse and wagon across the First Street Bridge after dark in the city of Richmond, Virginia, was struck and injured by one Watson, an employee and driver of the Atlantic Company. Watson was operating one of his company's Ford "pick-up" trucks and was traveling in the same direction across the bridge when he overtook the wagon and struck it on the left rear wheel. The plaintiff, Roberts, was knocked out of the wagon and received a wrenched back. In an action instituted by him, Roberts recovered a verdict and judgment of $900 against both defendants for damages for his injury, which are here for review. For convenience the parties will be referred to as they appeared in the court below.

The defendants' first assignment of error is directed against the lower court's granting instruction No. 3, offered by the plaintiff, which was as follows:

"The court instructs the jury that if they believe from the evidence adduced in this case that the plaintiff, James Roberts, was carrying a lighted red lantern on his wagon at the time it was struck by the defendants' truck, in accordance with the statute and ordinance requiring such a light to be displayed on vehicles of the nature of his, and that he in no other way contributed to the accident, that they should find for the plaintiff."

Defendants promptly objected to the foregoing instruction. This objection was overruled, and thereupon they seasonably excepted to the ruling of the trial judge, giving their reason therefor, all of which is clearly shown by the record. This, of course, constituted sufficient compliance with our Rule 22.

In the trial of the case defendants advanced the theories that either the plaintiff was contributorily negligent in not properly carrying a lighted lantern on the rear of his wagon, or that even if he did carry such a lantern, the rain was falling so hard as materially to curtail visibility, and hence the collision was an unavoidable accident.

Instruction No. 3 is erroneous in that it makes no reference to an unavoidable accident, but would allow recovery if

the jury simply found the plaintiff free of fault. This instruction is thus in conflict with and vitiates instruction "G", given on behalf of the defendants, which is in the following language:

"The court instructs the jury that if you believe from the evidence that the plaintiff was injured as a result of an unavoidable accident, then your verdict must be for the defendant."

The most grievous error in instruction No. 3 is that it is a finding instruction on only a partial view of the evidence. In effect this instruction directs a verdict for the plaintiff if he carried a lantern and was otherwise free of fault. No reference is made to the necessity of proving primary negligence of the defendants to warrant a recovery. This omission of reference to the fundamental gravamen of a negligence action constitutes reversible error.

In *Outlaw* v. *Pearce*, 176 Va. 458, 11 S. E. (2d) 600, there appears the following at p. 469:

"It is well settled under our practice that a finding instruction 'must state a complete case and embrace all elements necessary to support a verdict.' *Thomas* v. *Snow*, 162 Va. 654, 662, 174 S. E. 837, 840; *Mann* v. *W. C. Crenshaw & Co.*, 158 Va. 193, 224, 163 S. E. 375.

"Consequently, we have repeatedly held that a finding instruction which ignores the defense of contributory negligence, where there is evidence of any, is erroneous. *West* v. *L. Bromm Baking Co.*, 166 Va. 530, 536, 186 S. E. 291, 294; *Norfolk Southern R. Co.* v. *Banks*, 141 Va. 715, 721, 126 S. E. 662; *Atlantic Coast Line R. Co.* v. *Caple's Adm'x*, 110 Va. 514, 518, 66 S. E. 855.

"It is equally well settled that such error cannot be cured by merely giving another instruction properly dealing with the defense of contributory negligence. *Virginia & Southwestern Ry. Co.* v. *Skinner*, 117 Va. 851, 854, 86 S. E. 131; *Washington-Southern Ry. Co.* v. *Grimes' Adm'r*, 124 Va. 460, 463, 464, 98 S. E. 30."

Even more recent opinions of this court which uphold the established doctrine that a finding instruction which

is based upon only a partial view of the case is erroneous and is reversible error are the following:    *Gallop* v. *Sharp*, 179 Va. 335, 338, 19 S. E. (2d) 84; *Isenhour* v. *McGranighan*, 178 Va. 365, 370, 17 S. E. (2d) 383, 385; *Stevens* v. *Mirakian*, 177 Va. 123, 132, 12 S. E. (2d) 780, 784.   If it is erroneous for a finding instruction to omit reference to plaintiff's contributory negligence which would bar recovery, *a fortiori* it is erroneous for a finding instruction to omit reference to the primary negligence of the defendant which is absolutely essential to recovery in a negligence case.   The giving of instruction No. 3 was thus reversible error.

Instruction No. 4, objected to by the defendants, told the jury that defendants were under the duty, among other things, of observing the appropriate traffic ordinances then in force in the city of Richmond and the State of Virginia.   The duties alleged are duties imposed by certain ordinances of the city of Richmond and certain provisions of the Motor Code of the State of Virginia, but the ordinances and appropriate provisions are not expressly set out.   This should have been done in order to eliminate speculation by the jury as to the laws applicable.

The judgment of the trial court is reversed, and the case is remanded for a new trial on all issues consistent with the views expressed herein.

*Reversed and remanded.*