# Richmond

ROBERT F. DAVIS v. EDGAR W. WEBB.

March 7, 1949.

Record No. 3431.

Present, All the Justices.

The opinion states the case.

*Leon T. Seawell* and *L. T. Mears*, for the plaintiff in error.

*Quinton G. Nottingham* and *Kemper Goffigon, III*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

This is an action at law instituted by Edgar W. Webb against Robert F. Davis to recover damages alleged to have been suffered by Webb as the result of a collision between the two automobiles driven by the respective parties. The trial below resulted in a verdict and judgment of $1,500 in favor of the plaintiff, Webb.

Davis, the defendant below, seeks a reversal of the judgment on two grounds: First, he says, there should be a final judgment in his favor because of the insufficiency of the evidence to support the verdict. Second, he asks in the alternative that the case be remanded for a new trial because of what he claims were the lower court's erroneous rulings on certain instructions granted and refused.

The evidence as to the factual background is not in dispute. The collision occurred on July 4, 1947, at about six p. m., on a straight stretch of U. S. Highway No. 13, approximately a mile north of Eastville. The paved roadway there is divided into three traffic lanes. At the time of the accident the visibility was good and the pavement was dry.

On the west side of the highway, at or near the scene of the collision, there is a restaurant or dance hall referred to by the witnesses as "Jim Nottingham's place." In front

of the building is an open parking space which extends some sixty or seventy feet along the shoulder bordering the west side of the roadway.

As the Webb car was proceeding southwardly in the western lane of traffic and passing the Nottingham parking space on the right, its front end collided with the left rear end of the Davis car which was headed in the same direction.

Webb's story, corroborated by the testimony of a passenger in his car, is that as he was driving in the southbound lane at a permitted speed of forty-five to fifty miles per hour, suddenly and without warning or signal, the Davis car pulled out from the parking space and into the lane along which the Webb car was proceeding, and so close thereto that it was impossible for him (Webb) to have avoided the collision. Webb said that when he first saw the Davis car it was pulling into the road "about two or three lengths" ahead of his (Webb's) car.

Davis and the passengers in his car tell quite a different story. They say that their car, which had likewise been proceeding in a southerly direction, pulled into the parking space to discharge a passenger; that after this had been accomplished the Davis car was driven into the southbound lane of the road when the Webb car was about three hundred yards away; and that the Davis car had reached a point some fifty yards beyond or south of the parking space when it was overtaken and struck in the rear by the Webb car.

As the result of the collision the Webb car went diagonally across the road to the left, collided with a northbound tractor, turned over three times, and finally stopped on the eastern side of the road, approximately eighty-seven yards south of the point of impact. The car was demolished and Webb was injured.

The Davis car came to rest against a guy wire affixed to a pole on the western side of the road, some forty-seven yards south of the point of impact. It was badly damaged.

Whether the collision occurred in the manner detailed by Webb and his witness, or in the manner described by

Davis and his witnesses, was peculiarly a question for the jury under proper instructions. If the jury had adopted the Webb version, then clearly the collision was due to the negligence of Davis in driving onto the highway in front of the Webb car, when he (Davis) knew, or should have known, that it was too near for him to do so safely.

If, on the other hand, the Davis version be the correct one, then clearly Webb was guilty of contributory negligence, if indeed his negligence was not the sole proximate cause of the collision. The jury might have inferred that Webb was not keeping a proper lookout as his car approached and overtook the Davis car ahead.

Then, too, from the admitted physical facts and circumstances, and particularly from what happened to the two cars as a result of the impact, the jury might well have inferred that Webb was proceeding at an excessive speed. The fact that there was no oral contradiction of Webb's testimony that he was traveling within the speed limit of fifty miles per hour permitted by the statute (section 62 of the Motor Vehicle Code, as amended;[1] Michie's Code of 1942, sec. 2154(109) ) is not conclusive of the matter.

In *Bell* v. *Kenney*, 181 Va. 24, 30, 23 S. E. (2d) 781, 783, we held that although the uncontradicted oral testimony was that a vehicle involved in a collision was traveling at from twenty to thirty-five miles per hour, yet the jury might infer from the force of the impact, the damage to the vehicles involved, the distance they traveled from the point of impact before coming to rest, and other circumstances, that it was traveling at a much greater speed. For other cases holding that an inference of excessive speed may be drawn from such physical circumstances, see *Hackley* v. *Robey*, 170 Va. 55, 61, 62, 195 S. E. 689, 691; *Temple* v. *Ellington*, 177 Va. 134, 147, 12 S. E. (2d) 826, 831.

Moreover, section 61 of the Motor Vehicle Code, as amended[2] (Michie's Code of 1942, sec. 2154(108) ), provides: "Irrespective of the maximum speeds herein provided,

[1] Acts 1946, ch. 262, p. 427.
[2] Acts 1942, ch. 294, p. 418; *Idem*, ch. 421, p. 671.

any person who drives a vehicle upon a highway recklessly, or at a speed or in a manner so as to endanger life, limb or property of any person shall be guilty of reckless driving; * * *." The same section provides that: "Any person who shall * * * exceed a reasonable speed under the circumstances and traffic conditions existing at the time, * * * shall be guilty of reckless driving."

Under this latter section it was for the jury to say whether Webb, in proceeding at an admitted speed of from forty-five to fifty miles per hour past the parking space from which the Davis car was entering the highway, was driving "at a speed or in a manner so as to endanger life, limb or property" of other persons, or exceeded "a reasonable speed under the circumstances and traffic conditions existing at the time."

"Proper speed, as we have so often said, is to a large measure governed by conditions." *Carroll* v. *Miller*, 175 Va. 388, 400, 9 S. E. (2d) 322, 327.

The lower court granted "Plaintiff's Instruction A," as follows:

"The court instructs the jury that the statute law of Virginia requires that every driver of a vehicle entering a public highway from a private road or driveway shall, immediately before entering such highway, stop, and upon entering such highway shall yield the right of way to all vehicles approaching on such public highway.

"And if you find from the evidence that Robert F. Davis failed to stop his car immediately before entering the highway or failed upon entering the highway to yield the right of way to the approaching Webb car at the time and place of the accident, and that said violation of the law was a direct and proximate cause of the injury to the plaintiff, your verdict should be against the defendant."

The defendant objected to the giving of this instruction without the added qualification that should the jury find from the evidence that the plaintiff was guilty of negligence which either proximately caused or contributed to the accident he was not entitled to recover. This objection was well made.

The instruction, as given, was a finding instruction based on the plaintiff's theory of the case. We have repeatedly said that a finding instruction must state a complete case and embrace all elements necessary to support a verdict; and that in a case like the one now before us, the giving of such an instruction which ignores the defense of contributory negligence, where there is evidence of any, is reversible error. Moreover, it is equally well settled that such error cannot be cured by merely giving another instruction dealing properly with the defense of contributory negligence. See *Outlaw* v. *Pearce*, 176 Va. 458, 469, 11 S. E. (2d) 600, 605; *Atlantic Co.* v. *Roberts*, 179 Va. 669, 672, 20 S. E. (2d) 520, 522, and cases there cited.

"Defendant's Instruction No. 6," asked for and refused, submitted to the jury for their determination whether the plaintiff (Webb) was driving his car at an excessive speed. ■ Since, as we have said, there was sufficient evidence, particularly the admitted physical facts, from which the jury might have inferred that Webb was driving at an excessive speed which proximately caused or contributed to the accident, the defendant was entitled to a proper instruction on the subject. In our opinion, the instruction was in proper form and should have been granted. It reads thus:

"The court charges the jury that under the law a driver upon the highway shall not exceed reasonable speed under the circumstances and traffic conditions existing at the time.

"If, therefore, you believe from the evidence in the case that plaintiff was exceeding a reasonable speed under the circumstances and traffic conditions at the time and place of this accident, then plaintiff was guilty of negligence."

In our opinion "Defendant's Instruction No. 7" was properly refused. It did not submit to the jury for their determination whether the Webb car was in fact being operated at an excessive speed.

"Defendant's Instruction No. 8," on the subject of the excessive speed of the Webb car, was likewise properly refused. It improperly singled out and unduly emphasized the particular factors relied on as showing the excessive

speed of the Webb car, and ignored the other evidence on the subject. See *Woods* v. *Commonwealth,* 171 Va. 543, 548, 199 S. E. 465, 467; *Cerriglio* v. *Pettit,* 113 Va. 533, 544, 545, 75 S. E. 303; *New York, etc., R. Co.* v. *Thomas,* 92 Va. 606, 609, 24 S. E. 264, 265.

The other assignments of error are without merit.

Because of the indicated errors of the trial court with respect to the instructions, the judgment complained of is reversed and the case is remanded for a new trial in conformity with the views here expressed.

*Reversed and remanded.*