# Richmond

ROBERT F. DAVIS v. EDGAR W. WEBB.

May 1, 1950.

Record No. 3644.

Present, Gregory, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*L. H. Mears* and *Leon T. Seawell*, for the plaintiff in error.

*Quinton G. Nottingham* and *Kemper Goffigon, III*, for the defendant in error.

Staples, J., delivered the opinion of the court.

This is an action instituted by Edgar W. Webb, hereinafter called plaintiff, against Robert F. Davis, hereinafter called defendant, to recover for personal injury and property damages arising out of a collision between two automobiles driven by the respective parties.

A judgment in favor of the plaintiff, rendered at the first trial of the case, was reversed by this court and remanded for a new trial because of errors in granting and refusing instructions. The testimony on the second trial, which also resulted in a judgment for the plaintiff, was substantially the same as on the first. It is reviewed at considerable length in the opinion of Mr. Justice Eggleston in *Davis* v. *Webb*, 189 Va. 80, 52 S. E. (2d) 141. In that opinion we held that the evidence was sufficient to support a verdict and judgment for the plaintiff, Webb.

The collision occurred about 5:30 p. m. on July 4, 1947, on U. S. Highway No. 13, about one mile north of Eastville near an open parking space in front of a restaurant operated by one Jim Nottingham. The parking space extended about sixty or seventy feet along the west side of the highway. The car of defendant, Davis, was parked in this space at the time the plaintiff was proceeding in a southerly direction along the right-hand lane of the three-lane highway.

The testimony of the plaintiff Webb's witnesses is to the effect that as he was operating his car at a speed of between forty-five and fifty miles per hour, the defendant suddenly drove out into the same lane in which plaintiff's car was traveling and in such close proximity to him that he was unable to avoid striking the Davis car; that he was rendered

unconscious by the collision, and therefore could exercise no further control over the movement of his car. Uncontradicted testimony on behalf of defendant discloses that after the collision plaintiff's car traveled 20 yards in the southbound lane, then veered diagonally across the middle lane 9 yards and struck a tractor and trailer, and then 17 yards down the third lane, then 25 yards more and overturned twice, and then 16 yards and overturned the third time before it came to rest.

Upon rendition of the verdict, motion was made by defendant that it be set aside and a new trial granted "upon grounds to be presented in writing, which motion is continued to May 27th next."

On the day following that on which the verdict was returned, defendant and his counsel became cognizant of the fact that juror Levin T. Culver had also served on the jury in the former trial.

In a written motion to set aside the verdict which was filed a few days later, it was asserted that (1) the jury was not composed of unbiased persons because Levin T. Culver had served as a juror on the first trial, which fact was unknown to defendant or his counsel until after verdict and was not disclosed by the juror on his *voir dire*; (2) the evidence conclusively established plaintiff's contributory negligence which bars his recovery; (3) Instruction No. 8 was erroneous and prejudicial.

These three grounds upon which a new trial was unsuccessfully sought now constitute defendant's assignments of error.

In support of the motion to set aside the verdict, an affidavit was filed by Littleton H. Mears, one of defendant's attorneys, wherein it is recited that upon examination of Levin T. Culver on his *voir dire* he "stated on his oath that he had not expressed an opinion in the case, * * *." This affidavit also says that neither affiant nor Leon T. Seawell, defendant's other attorney (both of whom were counsel in the former trial) nor defendant, Robert F. Davis, recognized

the juror, or at any time prior to verdict were aware that he had served in the first trial.

An affidavit of defendant, Robert F. Davis, recites that the juror served in both trials, and in the last a $2,000 verdict was returned, though in the first a $1,500 verdict was rendered "upon the same evidence." He also stated that he did not know that the juror had served in the previous trial until after conclusion of the second trial.

In opposition to the motion, plaintiff filed the affidavits of all seven jurors. However, we need not, and do not, as will hereinafter appear, determine whether these affidavits were under the circumstances obtaining properly admissible in support of the verdict.

Sections 8-199, 8-201 and 8-202, Code of 1950 (Sections 6000, 6001 and 6002, Code of 1942), having to do with the examination and challenge of jurors are relied upon by defendant.

Section 8-199 provides that "The court shall, on motion of either party in any suit, or may of its own accord, examine on oath any person who is called as a juror therein to ascertain whether he * * * has expressed or formed any opinion, or is sensible of any bias or prejudice therein; * * * and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called * * *."

Section 8-201 reads: "No exception to any juror on account of his age or other legal disability shall be allowed after he is sworn, unless by leave of the court." We need concern ourselves no further with this section, for no objection was made to the juror until after verdict.

Section 8-202 is in part as follows: "No irregularity in * * * the empaneling of jurors shall be sufficient to set aside a verdict unless the party making the objection was injured by the irregularity or unless an objection specifically pointing out such irregularities was made before the swearing of the jury; * * *."

The order of May 19, 1949, which lists the names of the jurors, discloses that they "were sworn on their *voir dire* and found free from just cause of exception, * * *." It does not appear from the record just what questions were propounded to the jurors. We may, however, assume from the recital in the order and the contents of Littleton F. Mears' affidavit that they were examined with the view of ascertaining if they were impartial and indifferent in the cause.

██ The record which was available to counsel disclosed that Levin T. Culver had previously served as a juror. It thus appears that, with the identity of this juror readily available, counsel failed to advise themselves of whether or not he had served on the first trial, by either referring to the record or by propounding a question to the jurors on their *voir dire* that would have elicited direct answers in that respect. With information easily at hand that the juror had served at the previous trial, no objection to him was made until after verdict. Therefore, under the express provisions of section 8-202, Code of 1950 (section 6002, Code of 1942), it is necessary that defendant show that he has been injured by the irregularity.

Quite pertinent to the question is the decision of *Doyle v. Commonwealth*, 100 Va. 808, 40 S. E. 925, wherein it is said:

"It appears from these authorities that in cases where the cause of *challenge is unknown at the time the juror is elected* and sworn, *and which could not have been discovered by the exercise of ordinary diligence, it will not be a sufficient ground* for a new trial *unless it is made to appear that the parties suffered injustice from the fact that such juror served in the trial of the case.*" (Italics ours. 100 Va., at p. 813).

██ Merely to show that a juror joined with his fellow jurors in awarding a verdict against a litigant falls short of proving that litigant was injured or prejudiced by his service. In other words, to say that you have been injured by the

irregularity of accepting and empaneling a juror who could have been successfully challenged for cause, but against whom you voiced no objection, because he did not hang the jury in your favor, does not meet the requirements of section 8-202 and is distinctly insufficient to justify setting aside a verdict.

Though the cause for challenge of a juror that might have been made was somewhat different in the case of *Yellow Cab Corp.* v. *Henderson*, 178 Va. 207, 221, 16 S. E. (2d) 389, the principle involved was the same as here. The statement of Mr. Justice Spratley who delivered the unanimous opinion of the court in that case seems decisive of the question now before us:

"It is too late after a verdict to object to the competency of a juror except upon the ground of prejudice. * * *

\* \* \* \* \* \* \* \*

"Neither the sole fact of irregularity nor the mere suspicion of prejudice based upon the irregularity is sufficient. Some injury must be shown to result from the irregularity. Here the evidence shows no indication of prejudice affecting the defendant. Mere suspicion or possible inferences cannot be allowed to overrule the orderly administration of justice, for otherwise there would be continued delays and many proper verdicts set aside. The importance of avoiding another trial, if the first trial was fair, is of paramount importance."

Here the disqualification of the juror could have been discovered by the exercise of ordinary diligence, and it has not been made to appear that defendant suffered injustice from his service. Under such conditions we have no difficulty in concluding that a motion for a new trial on this ground was properly refused. *Bristow* v. *Commonwealth*, 15 Gratt. (56 Va.) 634; *Simmons* v. *McConnell*, 86 Va. 494, 10 S. E. 838; *Norfolk, etc., R. Co.* v. *Hardy*, 152 Va. 783, 148 S. E. 839; *Doyle* v. *Commonwealth*, *supra*; *Yellow Cab Corp.* v. *Henderson*, *supra*; *McDonald* v. *Beall*, 55 Ga. 289; *Brill* v. *State*, 1 Tex. App. 572, 577; *Swarnes* v. *Sitton*, 58 Ill. 155.

In commenting upon the evidence in the former trial, which is substantially the same as in this record, Mr. Justice Eggleston said:

"(1) Whether the collision occurred in the manner detailed by Webb and his witness, or in the manner described by Davis and his witnesses, was peculiarly a question for the jury under proper instructions. If the jury had adopted the Webb version, then clearly the collision was due to the negligence of Davis in driving onto the highway in front of the Webb car, when he (Davis) knew, or should have known, that it was too near for him to do so safely." (*Davis* v. *Webb*, 189 Va. 80, 84.)

██ We need only add that if the jury believed, as they evidently did, that the Davis car was suddenly driven from the parking lot on to the highway in dangerous proximity to plaintiff's automobile as it approached at a speed of 45 to 50 miles per hour, then whether or not plaintiff in the exercise of ordinary care could have avoided the collision was an issue of fact for their determination. In our opinion the testimony justified a finding in plaintiff's favor, and we find no merit in the contention that the evidence conclusively proved that he was guilty of contributory negligence.

At the instance of defendant, the court instructed the jury on the question of the speed at which plaintiff was driving as follows: "The Court charges the jury that under the law a driver upon a highway shall not exceed a reasonable speed under the circumstances and traffic conditions existing at the time. If, therefore, you believe from the evidence in the case that Plaintiff Webb was exceeding a reasonable speed under the circumstances and traffic conditions at the time and place of this accident, then Plaintiff is guilty of negligence."

It declined, however, to give Instruction 8, which reads: "The Court instructs the jury that reasonable inference as to speed may be drawn from all the admitted physical facts and circumstances in the case."

Upon the former trial an instruction (also numbered 8), and set out below, was refused:

"The Court instructs the jury that in seeking to determine the rate of speed at which the plaintiff's car was traveling immediately prior to the collision with Defendant's car you may take into consideration the extent of damages sustained by Defendant's automobile, the extent of damages sustained by Plaintiff's automobile, the distance traveled by Plaintiff's automobile after the collision and the course taken by Plaintiff's automobile after the collision."

On approving its refusal we said in *Davis* v. *Webb, supra,* at page 87: " 'Defendant's Instruction No. 8,' on the subject of the excessive speed of the Webb car, was likewise properly refused. It improperly singled out and unduly emphasized the particular factors relied on as showing the excessive speed of the Webb car, and ignored the other evidence on the subject."

Instruction No. 8 now contended for is in substance the same as that refused on the former trial, and equally as objectionable. Though the jury was entitled to take into consideration the physical facts and circumstances disclosed by the evidence in undertaking to determine the speed of plaintiff's car, it would have been improper to call to their attention and emphasize the physical facts and thus comment upon them to the exclusion of other testimony bearing upon the speed of the car. The instruction that was given upon the matter of the speed of plaintiff's automobile was correct and sufficient upon that phase of the evidence.

For the reasons stated we find no error in the record and the judgment is accordingly affirmed.

*Affirmed.*