## Richmond

J. B. Oyler, Admr., Etc. v. William Tex Ramsey, An Infant, Etc.

March 8, 1971.

Record No. 7306.

Present, All the Justices.

*J. R. Canterbury; W. H. Jolly* (*Kime, Jolly & Clemens,* on brief), for plaintiff in error.

*Bernard J. Natkin* (*Shuler A. Kizer,* on brief), for defendant in error.

Per Curiam.

William Tex Ramsey, the plaintiff, was injured when the automobile in which he was riding as a guest passenger collided with a bridge abutment. The defendant's decedent, Robert Edward Oyler, who was killed in the collision, was the operator of the vehicle. In an action brought by the plaintiff for his injuries, the jury returned

a verdict in his favor in the sum of $25,000, and judgment was entered thereon. The defendant is here on a writ of error.

■ The principal claim on appeal is that the evidence was insufficient as a matter of law to support a finding of gross negligence proximately causing the plaintiff's injuries. However, we find from the record that there was credible evidence from which the jury could conclude that the driver of the vehicle was grossly negligent and that such negligence was the proximate cause of the collision in which the plaintiff was injured. This was sufficient to support the jury's verdict. *Penington* v. *Beamon*, 211 Va. 493, 178 S.E.2d 511 (1971).

For the same reason, the defendant's objection to Instruction C, *i.e.*, that the intoxication of the driver of the vehicle was not "linked up" to the cause of the collision, is without merit.

■ The defendant also complains of the trial court's refusal to set aside the verdict and grant a new trial. The ground upon which a new trial was sought was that one of the jurors and the plaintiff's counsel had stood mute when the trial court asked the prospective jurors on *voir dire:* "Do any of you have any close business relations with either of the parties or any of the attorneys in the case?" It was alleged in the motion for a new trial that defense counsel had learned after the verdict was returned that the plaintiff's counsel at the time of trial was representing one of the jurors in a property damage claim pending in a court not of record.

Since the point was raised on a motion to set aside the verdict, the question is controlled by Code § 8-202, which reads, in part, as follows:

> "No irregularity in any writ of venire facias or in the drawing, summoning, returning or empaneling of jurors shall be sufficient to set aside a verdict unless the party making the objection was injured by the irregularity or unless an objection specifically pointing out such irregularities was made before the swearing of the jury. . . ."

Since no objection was made before the jury was sworn, it was incumbent upon the defendant to show that he was injured by the alleged irregularity in empaneling the jury. That has not been shown, and the trial court's action in refusing to grant a new trial will not be disturbed. *Davis* v. *Webb*, 190 Va. 997, 1001-03, 59 S.E.2d 116, 117-19 (1950).

The other points raised by the defendant were not saved by proper objection in the trial court. We will not notice them now. Rule 1:8, Rules of Court.

The judgment of the trial court will be affirmed.

*Affirmed.*