COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


ANKUR A. MEHTA

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2737-05-1                      JUDGE D. ARTHUR KELSEY
                                                          APRIL 10, 2007
CITY OF NORFOLK


                 FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                          Charles D. Griffith, Jr., Judge

             Sterling H. Weaver, Sr. (Weaver Law Offices, on brief), for
             appellant.

             Tamele Yvette Hobson, Assistant City Attorney (Bernard A.
             Pishko, City Attorney, on brief), for appellee.


        The trial court found Ankur A. Mehta guilty of reckless driving in a parking lot in

violation of Code § 46.2-864.  On appeal, Mehta claims the evidence fails to support his

conviction as a matter of law.  We disagree and affirm.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This evidentiary

perspective requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270

S.E.2d 755, 759 (1980) (emphasis and citation omitted).

        So viewed, the evidence at trial showed that Shanta Perry returned to her parked car in a

mall parking lot.  A truck blocked her vision on her left side, so she pulled out of the parking

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

space "very cautiously, driving slowly because of the obstructed view." Without warning, Mehta's vehicle collided violently with Perry's car, hitting the left front wheel and quarter panel. The impact was forceful enough to break Perry's front axle. Perry never saw Mehta's vehicle before the collision. Photographs show considerable damage to the vehicles. The collision badly damaged the entire front end of Mehta's vehicle, leaving the bumper bracket pushed into the radiator and the bumper dislodged and dragging the ground on the right side.

Police interviewed Mehta shortly after the accident. He first said he was traveling 5 to 10 miles an hour through the parking lot. Moments later, Mehta revised that estimate to 10 to 15 miles an hour. When the officer directly asked whether he was traveling 5 *or* 15 miles per hour, Mehta refused to answer.

Mehta did not take the stand at trial, deciding instead to challenge the *prima facie* sufficiency of the prosecution's evidence. The trial court rejected this challenge and, sitting as factfinder, found Mehta guilty of reckless driving in a parking lot in violation of Code § 46.2-864. Mehta argues on appeal the trial court erred, as no reasonable factfinder could conclude from this evidence that Mehta was guilty of reckless driving.[1] We disagree.

Code § 46.2-864 provides that a driver "shall be guilty of reckless driving" in a parking lot when he "operates any motor vehicle at a speed or in a manner so as to endanger the life, limb, or property of any person . . . ." Like the general reckless driving statute (Code § 46.2-852), Code § 46.2-864 incorporates familiar principles of criminal negligence. A higher standard than mere negligence under tort law, criminal negligence (comparable to gross negligence under common law principles) occurs when a driver recklessly disregards the harmful

---

[1] "The trial judge's factual findings cannot be disturbed on appeal unless no 'rational trier of fact' could have come to the conclusions he did." Boyd v. County of Henrico, 42 Va. App. 495, 525, 592 S.E.2d 768, 783 (2004) (*en banc*) (citations omitted).

consequences of his driving and demonstrates a callous "indifference to the safety of life, limb or property." Spencer v. City of Norfolk, 271 Va. 460, 463, 628 S.E.2d 356, 358 (2006) (citation omitted).

This recklessness can take the form of "speed" of the vehicle or any other aspect of the "manner" of its operation. Code § 46.2-864; see also Code § 46.2-852. While neither is sufficient unless it "endangers life, limb, or property," Spencer, 271 Va. at 463, 628 S.E.2d at 358 (citation omitted), either is sufficient if it does. "What distinguishes a speeding violation from the misdemeanor of reckless driving" is the "likelihood of injury" to people or property. Greenway v. Commonwealth, 254 Va. 147, 155, 487 S.E.2d 224, 228 (1997) (citation omitted). Like so many legal distinctions, it is "one of degree," Keech v. Commonwealth, 9 Va. App. 272, 278, 386 S.E.2d 813, 816 (1989) (footnote omitted), and "the degree of the hazard posed by a speeding automobile depends upon the circumstances in each case." Mayo v. Commonwealth, 218 Va. 644, 648, 238 S.E.2d 831, 833 (1977).

The circumstances of this case involve a parking lot, not a public road. It is not at all unusual for small cars to pull out of parking spaces next to larger vehicles blocking their view. It is equally common for pedestrians, sometimes children, to step out from behind vehicles with little or no warning. In such a high-risk environment, it is imperative that drivers proceed slowly enough to be capable of stopping upon relatively short notice. The failure to do so may or may not constitute reckless driving. It depends on the foreseeability of the risks and the magnitude of the possible harm. "Obviously, when the driver proceeds in the face of a known risk, the degree of the negligence is increased, and may turn that which would have been ordinary negligence into gross, willful or wanton negligence." Keech, 9 Va. App. at 278, 386 S.E.2d at 816.

The evidence in this case provides ample support for the trial court's factual finding that Mehta recklessly drove through the parking lot at an excessive speed that endangered Perry's "life, limb, or property." The photographs show Mehta hit the front left wheel and quarter panel

of Perry's car with considerable force. The extent of damage to both cars — particularly the broken axle on Perry's car — provides "mute evidence of high speed," Crest v. Commonwealth, 40 Va. App. 165, 174-75, 578 S.E.2d 88, 92 (2003) (citations omitted), permitting the factfinder to infer a reckless rate of speed despite Mehta's self-serving and contradictory estimates.[2]

Add to this Perry's testimony that, given her obstructed vision on her left side, she carefully and slowly edged her car out of the parking space. Thus, the risk of collision developed slowly and incrementally, with Perry purposefully providing what she thought was sufficient time for any vehicle traveling at a safe speed to either stop short of, or simply drive around, the front of her vehicle. The photographs corroborate this point by showing that the front of Mehta's car struck the left side of Perry's car at the point of her front wheel. The collision itself, as well as the point of impact and Perry's slow entrance into Mehta's path, together confirm the reckless speed at which Mehta was driving.

For these reasons, we find the evidence sufficient to support Mehta's conviction for reckless driving in a parking lot in violation of Code § 46.2-864.[3]

Affirmed and remanded.

---

[2] See Davis v. Webb, 189 Va. 80, 85, 52 S.E.2d 141, 143 (1949) (finding speed can be inferred from the "force of the impact" and the "damage" to the vehicles); Temple v. Ellington, 177 Va. 134, 147, 12 S.E.2d 826, 831 (1941) (finding "inference of excessive speed" can be drawn from "the force of the impact" and vehicular damage); see also Woodson v. Germas, 200 Va. 205, 210, 104 S.E.2d 739, 743 (1958) (recognizing "that physical facts may warrant a finding of greater speed than that fixed by the uncontradicted verbal testimony" (citation omitted)).

[3] The summons charged Mehta with reckless driving in violation of Norfolk City Code § 25-218(12). The general district court found Mehta guilty "as charged." On de novo appeal, the circuit court entered a conviction order finding Mehta guilty of violating Code § 46.2-864. The sufficiency issue remains the same in either event. See Spencer, 271 Va. at 463, 628 S.E.2d at 358 (observing that the definition of reckless driving in the Norfolk City Code "substantially mirrors" the definition in Code § 46.2-852, which, in turn, tracks the definition in Code § 46.2-864). Because of this ambiguity, however, we remand this case to the circuit court with leave to take whatever action, if any, it deems appropriate under Code § 8.01-428(B).