# Staunton

## RICHARD S. MILES v. COMMONWEALTH OF VIRGINIA.

September 11, 1964.

Record No. 5782.

Present, All the Justices.

*S. W. Tucker* (*Henry L. Marsh, III,* on brief), for the plaintiff in error.

*Harold V. Kelly, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

SNEAD, J., delivered the opinion of the court.

This is an appeal by Richard S. Miles, the defendant, from a conviction on a State warrant of unlawfully operating a motor vehicle in a reckless manner in the city of Richmond.

On February 15, 1963, defendant was issued a summons by city police officer Jesse W. Williams, which charged that he unlawfully "failed to yield right of way" in violation of an ordinance of the city. From a conviction of that charge in the Traffic Court of the City of Richmond, Miles perfected an appeal to the Hustings Court. There, on April 4, he was arraigned and pleaded not guilty. A jury trial was waived. After the city had introduced its evidence and rested its case, defendant moved to strike the city's evidence and to dismiss the proceeding. Subsequent to argument of counsel and before the court had ruled on the motion, the city was permitted to enter a plea of *nolle prosequi* over the objection of defendant. Thereafter, on the same day, an information for a misdemeanor was "made and filed" by an Assistant Commonwealth's Attorney, charging that defendant "did unlawfully operate a motor vehicle in a reckless manner against the peace and dignity of the Commonwealth of Virginia."

When this case was called for trial on April 16, defendant filed a "Plea in Bar". In it he alleged "that the said information is based on the same acts and conduct and has reference to the same matter and transaction as was the summons on which he was tried on the 4th day of April, 1963," and that any further prosecution of defendant on the information would be in violation of Section 8 of the Constitution of Virginia, which provides that no man shall be put twice in jeopardy for the same offense. A replication was filed on behalf of the Commonwealth, stating that the information alleged "an entirely separate and distinct offense" from that for which defendant had been "tried and acquitted". The court reserved its decision on the plea and ordered that the trial proceed without prejudice to defendant's rights asserted therein. The defendant pleaded not guilty to the charge contained in the information. At the conclusion of the Commonwealth's evidence and again at the conclusion of all the

evidence defendant's motions to strike the Commonwealth's evidence were overruled. The jury returned a verdict finding defendant guilty as charged and fixed his punishment at a fine of $50. The defendant moved the court to set aside the verdict as being contrary to the law and evidence and renewed his motion to quash the information on the grounds stated in his plea. The court continued both motions until May 7, at which time they were overruled and judgment was entered on the verdict. We granted defendant a writ of error.

The evidence before us is in narrative form and it consists of the testimony of officer Williams, Miles and Marta Anderson. Since the statement of their testimony is brief, it will be quoted verbatim.

Officer Williams testified: "That on February 15, 1963, at 7:45 P. M., and in the City of Richmond, he was driving a police cruiser northwardly on Chamberlayne Avenue; that the traffic light was green as he approached Overbrook Road; that driving at a speed between 30 and 35 miles per hour, he crossed Overbrook Road in the westernmost of the three lanes for north bound traffic, thus entering the 2500 block; that from a point in the right hand lane of Chamberlayne Avenue, a short distance north of Overbrook Road, where a taxicab had been stopped, the defendant drove the taxicab northwardly and diagonally across the middle traffic lane and into the westernmost lane for northbound traffic in front of the moving police car, thus making it necessary for the police officer to apply his brakes 'violently' in order to avoid a collision; that at the next corner the taxicab turned to the left and, the turn being completed, the officer ordered the taxicab driver to stop and issued him a summons charging that he, unlawfully, 'failed to yield right of way'; that the defendant stated that when he pulled from the curb he did not see anything coming, that he looked to his rear and saw nothing to prevent his entering the left hand traffic lane; that the tires of the police vehicle audibly skidded when he applied his brakes.

"The defendant, Richard Miles, called as a witness in his own behalf, testified as follows: that he stopped at the curb on Chamberlayne Avenue several car lengths north of its intersection with Overbrook Road and discharged his passenger; that he looked to the rear and noticed that the traffic light was red for northbound traffic; that he saw no car approaching; that he pulled from the curb and slowly guided his automobile into the left lane of Chamberlayne Avenue; that he heard no sound of tires screeching and did not observe the police car until he had reached the corner and prepared to make a left turn and was directed by the officer to pull over to the curb.

"The defendant also called as a witness Marta Anderson, of 1705 Tyler Street, Richmond, Virginia, who testified that she was the passenger who was discharged from the taxicab driven by the defendant; that she paid her fare, left the taxicab in front of the Spotless Store on Chamberlayne Avenue and walked to the laundermat (sic) located several stores north of the point where the taxicab had stopped; that she was not looking in the direction of the taxicab as it pulled away from the curb, but that she did not see the police car nor hear any brakes screech."

It was stipulated that officer Williams was the only witness to testify for the prosecution when defendant was tried on the summons which charged that he "failed to yield right of way"; that his testimony at that trial was identical with his testimony given in the subsequent trial for reckless driving, and that both charges grew out of identical evidence.

The defendant has made two assignments of error. First, he asserts that the court erred in overruling his "Plea in Bar" and thus permitting him to be placed twice in jeopardy for the same offense. Second, he contends that the court erred in overruling his motion to strike the Commonwealth's evidence and in refusing to set aside the verdict.

█ Section 8 of the Constitution of Virginia provides in part:

"That in criminal prosecutions a man * * * shall not * * * be put twice in jeopardy for the same offense."

The defendant takes the position that when evidence was received by the court on the charge of failure to yield the right of way he was placed in jeopardy. This jeopardy, he says, was not limited to that particular charge but extended to every charge to which the summons could have been amended. He argues that under Code, § 19.1-175 the city could have amended the summons at any time before judgment to charge reckless driving, a related offense, and that he was, therefore, placed in jeopardy for that charge. Thus, he maintains that the trial on the information for reckless driving put him twice in jeopardy for the same offense.

Code, § 19.1-175, *supra*, provides:

"An amendment of *any defect* in an indictment or presentment for a misdemeanor *that does not change the nature of the offense charged* may be made by the court before which the trial is had, at any time before judgment is entered * * *." (Emphasis added.)

Assuming, but not deciding, that the statute is applicable, the summons could not have been lawfully amended to charge reckless

driving. Unquestionably, such an amendment would have changed "the nature of the offense charged", and this is expressly forbidden by the statute. Moreover, there has been no showing that the summons itself was defective. The charge was *nolle prosequied* because the evidence was not sufficient to support a conviction of failing to yield the right of way, and the Attorney General concedes that such action was tantamount to an acquittal of that charge. See *Rosser* v. *Commonwealth*, 159 Va. 1028, 1036, 167 S. E. 257.

Richmond City Code (1957) §§ 22-2 and 22-131 through 22-136, deal with the right of way of vehicles "approaching in another direction" and at intersections, circles, etc. These ordinances, with the exception of § 22-2, parallel the State statutes and none of them, including § 22-2, covers a situation established by the evidence in the case at bar. It is manifest, therefore, that defendant could not have been lawfully convicted of failure to yield the right of way as charged.

In *Seymour* v. *Commonwealth*, 133 Va. 775, 784, 112 S. E. 806, we said: "* * *The protection which is guaranteed to persons accused of crime is that they shall not be placed twice in jeopardy for the same offense. There is no constitutional or statutory guarantee that evidence offered upon the trial of an accused person for a different offense from that of which he was either convicted or acquitted may not thereafter be offered to prove a distinct but related offense. * * *."

*Hundley* v. *Commonwealth*, 193 Va. 449, 69 S. E. 2d 336, involved convictions of driving under the influence of alcohol and reckless driving. Hundley argued that he committed only one act so that he could not be convicted of both offenses. In holding that two separate acts were involved which resulted in the commission of two offenses this court said:

"It is conceivable for a person under the influence of intoxicants to drive properly. Many people not under the influence of intoxicants drive recklessly. A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute * * *." 193 Va. at p. 451.

In *Henson* v. *Commonwealth*, 165 Va. 829, 832, 183 S. E. 438, the accused contended that the Commonwealth should not be allowed "to carve two separate and distinct offenses from the same continuing transaction." We held that the offense charged, hit and run, was

not similar to the crime of manslaughter and stated the rule to be as follows:

" 'The prohibition of the ancient principle of the common law and the constitutional provisions declaratory thereof, against a second jeopardy, apply only to a second prosecution for the identical act and crime both in law and fact for which the first prosecution was instituted. In determining whether both indictments charged the same offense the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second, but if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offenses charged may have been committed by the same state of facts. * * *' ".

Thus, we observe that a single occurrence may constitute two or more distinct offenses and the accused may be prosecuted for each offense. See *Dykeman v. Commonwealth*, 201 Va. 807, 809, 810, 113 S. E. 2d 867. It is the identity of the offense which is referred to in the constitutional guarantee against double jeopardy. See *Lawrence v. Commonwealth*, 181 Va. 582, 587, 26 S. E. 2d 54.

As has been stated, under the evidence adduced a conviction of defendant for failure to yield the right of way could not have been sustained. Different facts would have been required. That being the case, defendant was not "put twice in jeopardy for the same offense" when he was prosecuted for a separate and distinct offense, reckless driving. We hold that the trial court did not err in overruling defendant's "Plea in Bar."

Finally, defendant contends that the evidence was insufficient to sustain a conviction of reckless driving. He argues that under familiar principles he is presumed innocent until proven guilty and that the Commonwealth has not excluded every reasonable hypothesis consistent with his innocence. He claims that the fault for this near accident lay not with himself but may have been caused by officer Williams.

However, fault is a question of fact for the jury. Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the jury to decide. Where, after a fair trial, a verdict of guilty is returned and judgment is entered thereon, such judgment should only be disturbed when

it appears that it is plainly wrong or without evidence to support it. *Toler* v. *Commonwealth*, 188 Va. 774, 781, 51 S. E. 2d 210; Code § 8-491.

Here, the jury was instructed without objection that "If you believe from the evidence beyond a reasonable doubt that the accused drove a motor vehicle upon a highway recklessly or at a speed or in a manner so as to endanger life, limb or property, then you shall find the accused guilty of reckless driving as charged * * *." This instruction became the law of the case and is binding on the parties and this court. *Shamblee* v. *Transit Company*, 204 Va. 591, 594-5, 132 S. E. 2d 712.

Officer Williams testified that he was proceeding north in the westernmost of three northbound lanes of Chamberlayne avenue at a speed between 30 and 35 miles per hour; that as he approached the intersection of Chamberlayne avenue and Overbrook road the traffic light was green for northbound traffic, and that after he had crossed the intersection defendant's taxicab, which had been stopped at the curb in the eastern lane of Chamberlayne avenue just north of the intersection, was driven diagonally across into the westernmost lane in front of the officer's car making it necessary for the officer to apply his brakes "violently" in order to avoid a collision. The evidence presented a question for the jury under proper instructions of the court.

The jury, who saw and heard the witnesses testify, believed and accepted the Commonwealth's evidence, as they had the right to do, and rendered their verdict against defendant. The verdict was fortified by the approval of the trial court. When the sufficiency of the evidence is assailed, it is our duty to view the evidence which tends to support the verdict and to uphold the verdict unless it is plainly wrong. We review the evidence with these principles in mind and not with respect to what action we might have taken as members of the jury. *Snyder* v. *Commonwealth*, 202 Va. 1009, 1015-16, 121 S. E. 2d 452.

We cannot say that defendant was, as a matter of law, not guilty of reckless driving. We, therefore, hold that the trial court did not err in overruling defendant's motion to strike the Commonwealth's evidence and in refusing to set aside the verdict.

For the reasons stated the judgment appealed from is affirmed.

*Affirmed.*