Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and Compton,[*] S.J.

MARGUERITE SPENCER

v. Record No. 051044     OPINION BY JUSTICE ELIZABETH B. LACY
                                    April 21, 2006
CITY OF NORFOLK

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal we are asked to consider whether the evidence is sufficient to sustain a conviction for a violation of the reckless driving provision of the Norfolk City Code. We also must determine as a threshold matter whether this case is within this Court's subject matter jurisdiction.

FACTS

We recite the facts along with all reasonable inferences fairly deducible therefrom in the light most favorable to the prevailing party in the proceedings below. Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005).

On November 19, 2003, Mary Parsons was babysitting twelve-year-old Kelyn Cusson when Parsons' dog jumped the fence, and Parsons asked Cusson to retrieve the dog. Cusson followed the dog into a neighbor's yard. When she attempted to put a leash on the dog, she heard a loud, long horn coming from a car parked in the driveway of a house diagonally across

---

[*] Senior Justice Compton participated in the hearing and decision of this case before his death on April 9, 2006.

the street. Marguerite Spencer was in the car. The dog ran into the street, and Cusson followed. Spencer drove the car out of her driveway and in the direction of Parsons' house. Cusson "walked quickly" towards a van parked in front of Parsons' home. As Spencer passed Cusson at a "fast" rate of speed, Cusson "felt the wind coming off the car" that "blew her and caused her to step back." Cusson estimated Spencer's car passed her at a distance of "about 3 feet." Cusson then joined Parsons on Parsons' porch. Parsons called after Spencer but although Spencer had stopped the car, she pulled away and did not talk with Parsons. Spencer circled the block twice before parking again in her driveway.

Spencer was charged with and convicted of reckless driving in violation of Norfolk City Code § 25-217. The trial court sentenced Spencer to 10 days imprisonment in the Norfolk City Jail but suspended the sentence conditioned on Spencer's good behavior for a period of two years and having no contact with Cusson or her mother. The trial court also imposed a fine of $250.00. The Court of Appeals denied Spencer's petition for appeal by order, Spencer v. City of Norfolk, Record No. 1312-04-1 (May 2, 2005). We awarded Spencer an appeal.

As a threshold matter, we must determine whether this appeal is within the category of cases that this Court may

2

consider; that is to say, does this Court have subject matter jurisdiction?  Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 755 (1990) ("a court always has jurisdiction to determine whether it has subject matter jurisdiction").  Code § 17.1-411 provides that this Court may hear an appeal of any case in which a party is aggrieved by a final decision of the Court of Appeals except in those cases in which the decision of the Court of Appeals is made final by Code §§ 17.1-410 or 19.2-408.  A judgment of the Court of Appeals is final under Code § 17.1-410 in traffic infraction and misdemeanor cases "where no incarceration is imposed."  Code § 17.1-410(A)(1).

The City argues that this Court does not have subject matter jurisdiction to consider this appeal because the trial court suspended Spencer's jail sentence and therefore imposed no incarceration.  We disagree.  The finality provisions of Code § 17.1-410(A)(1) do not require physical confinement, only the imposition of incarceration.  In this case, the trial court imposed a 10-day period of incarceration.  The subsequent suspension of the sentence does not eliminate the imposition of the jail sentence and place this case in a category of cases in which no incarceration is imposed. Accordingly, we conclude that this appeal is within the class of cases that we may consider.  We now turn to the merits of Spencer's appeal.

Spencer was convicted of violating Norfolk City Code
§ 25-217, which substantially mirrors Code § 46.2-852 in
defining "reckless driving:"

> Irrespective of the maximum speeds provided in
> this article, any person who drives a vehicle
> on any street or highway recklessly or at a
> speed or in a manner so as to endanger the
> life, limb, or property of any person shall be
> guilty of reckless driving.

In Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628,
630 (1970), this Court held that " 'recklessly' . . . imparts
a disregard by the driver . . . for the consequences of his
act and an indifference to the safety of life, limb or
property" and that speed alone does not constitute
recklessness unless it endangers life, limb, or property.  In
applying these principles and determining whether the evidence
was sufficient to support the conviction, our rules of
appellate review require that we must affirm the conviction
unless it is plainly wrong or without evidence to support it.
Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72
(1998).

In this case, Cusson and Spencer were the only
eyewitnesses to the facts surrounding the driving at issue.
Their testimony does not demonstrate that Spencer was driving
erratically, nor does it indicate she lacked control of the
car.  Cf. Miles v. Commonwealth, 205 Va. 462, 468, 138 S.E.2d

4

22, 27 (1964) (finding recklessness where driver drove diagonally across road in front of police officer, forcing officer to brake "violently" in order to avoid collision); Sheckler v. Anderson, 182 Va. 701, 705-66, 29 S.E.2d 867, 868-69 (1944) (finding recklessness where driver in residential neighborhood maintained speed too fast to allow him to stop to avoid emergency).

Spencer drove out of her driveway and proceeded up the street. Cusson was aware of Spencer's car before it left the driveway because she heard the horn blowing. According to Cusson's testimony, she followed the dog into the street, the dog ran back to Parsons' house, and then Cusson walked to the van parked in front of Parsons' house. Thus, at the time the "wind blew her," Cusson was standing in the street near the van parked in the street, and when Spencer passed Cusson, her car was not near the curb but had to be in the travel lane of the street, three feet beyond the parked van. Though Cusson testified she had to "step back," she claimed she did so because of the wind, not because she feared injury or impact with Spencer's car. "Fast" driving alone, without the element of endangering life, limb, or property, is not sufficient to support a conviction for reckless driving. Powers, 211 Va. at 388, 177 S.E.2d at 630.

This record does not support a conclusion that Spencer had a disregard for the consequences of her act, was indifferent to the safety of others, or that her rate of speed endangered Cusson.  Therefore, we will reverse the judgment of the Court of Appeals, vacate the conviction, and dismiss the case.

<u>Reversed and final judgment.</u>