COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


DORIS S. CHIBIKOM

                                                          OPINION BY
v.       Record No. 1699-08-4                  JUDGE ROSSIE D. ALSTON, JR.
                                                         AUGUST 4, 2009
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                    Herman A. Whisenant, Jr., Judge Designate

              David W. Walls, Assistant Public Defender (Office of the Public
              Defender, on brief), for appellant.

              Jennifer C. Williamson, Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Doris S. Chibikom was convicted in a jury trial of reckless driving by speed, in violation

of Code § 46.2-862.[1]  On appeal, she contends the trial court erred in denying her proposed jury

instruction that improper driving, an offense set forth in Code § 46.2-869,[2] is a lesser-included

---

[1] Code § 46.2-862 states as follows:

          A person shall be guilty of reckless driving who drives a
     motor vehicle on the highways in the Commonwealth (i) at a speed
     of twenty miles per hour or more in excess of the applicable
     maximum speed limit or (ii) in excess of eighty miles per hour
     regardless of the applicable maximum speed limit.

[2] Code § 46.2-869 provides, in pertinent part, as follows:

          Notwithstanding the foregoing provisions of this article,
     upon the trial of any person charged with reckless driving where
     the degree of culpability is slight, the court in its discretion may
     find the accused not guilty of reckless driving but guilty of
     improper driving.  However, an attorney for the Commonwealth
     may reduce a charge of reckless driving to improper driving at any
     time prior to the court's decision . . . .

offense of reckless driving by speed. Finding no error, we affirm the trial court's judgment and Chibikom's conviction.

## I. BACKGROUND

The relevant facts in this case are not in dispute. On August 10, 2007, Chibikom was driving on a highway in the Commonwealth in excess of eighty miles per hour. As a result, Chibikom was issued a summons for reckless driving by speed. On June 11, 2008, the trial court conducted a trial on the charge. At the close of the evidence, the Commonwealth proffered a jury instruction instructing the jury that in order to find Chibikom guilty of reckless driving by speed, the jury had to find beyond a reasonable doubt that Chibikom was traveling on a public highway and that she was traveling in excess of eighty miles per hour.

Chibikom objected to the Commonwealth's instruction on the ground that it failed to include the lesser-included offense of improper driving under Code § 46.2-869. Chibikom proffered a jury instruction containing the reckless driving by speed offense under Code § 46.2-862. In addition, her proposed instruction included language closely tracking Code § 46.2-869, that is, that anyone found guilty of reckless driving, but with slight culpability, could instead be found guilty of improper driving.

The Commonwealth responded by arguing that improper driving is not a lesser-included offense of reckless driving by speed. Specifically, the Commonwealth contended that reckless driving by speed is a strict liability offense and the statute prohibiting reckless driving by speed does not refer to degrees of culpability. The trial court agreed with the Commonwealth and denied Chibikom's proposed instruction. The trial court instructed the jury in accord with the Commonwealth's proffered instruction.

Subsequently, the jury found Chibikom guilty as charged. This appeal followed.

II. ANALYSIS

On appeal, Chibikom contends the trial court erred by denying her proposed jury instruction that improper driving, as prohibited in Code § 46.2-869, is a lesser-included offense of reckless driving by speed set forth in Code § 46.2-862. We disagree.

The legal principles applicable to this appeal are well settled. "'The trial judge has broad discretion in giving or denying instructions requested.'" Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc) (quoting John L. Costello, Virginia Criminal Law and Procedure § 60.6-8, 810 (2d ed. 1995)). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). Because the issue presented is a question of law involving the interpretation of Code § 46.2-869, we review the trial court's statutory interpretation and legal conclusions *de novo*. See Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998).

"When reviewing a trial court's refusal of a proposed lesser-included offense jury instruction, we must first decide whether the proffered instruction presents a lesser-included offense." Sanchez v. Commonwealth, 32 Va. App. 238, 241, 527 S.E.2d 461, 463 (2000). "The elements of the greater offense as charged must be examined in relation to the purported lesser offense, and where every commission of the greater offense is also a commission of the lesser offense, a lesser offense may be deemed to exist." Id. "A lesser[-]included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989).

For a defendant to be found guilty of reckless driving by speed under Code § 46.2-862, the Commonwealth must prove that the defendant was driving on a highway in the

Commonwealth, and was driving "(i) at a speed of twenty miles per hour or more in excess of the applicable maximum speed limit or (ii) in excess of eighty miles per hour regardless of the applicable maximum speed limit." Code § 46.2-869, the improper driving statute, provides in relevant part, that "[n]otwithstanding the foregoing provisions of this article, upon the trial of any person charged with reckless driving where the degree of culpability is slight, the court in its discretion may find the accused not guilty of reckless driving but guilty of improper driving." In addition, "an attorney for the Commonwealth may reduce a charge of reckless driving to improper driving at any time prior to the court's decision . . . ." Code § 46.2-869.

Upon our review of Code § 46.2-869, it is clear that improper driving is not a lesser-included offense of reckless driving by speed. Every commission of reckless driving by speed does not also constitute a commission of improper driving. In addition, improper driving is not composed entirely of the elements of reckless driving by speed. Improper driving requires an additional finding of slight culpability, an element excluded from the reckless driving by speed statute. Thus, we conclude that improper driving is not a lesser-included offense of reckless driving by speed.

Moreover, the improper driving statute states that the "court in its discretion" may reduce the reckless driving charge to improper driving "where the degree of culpability is slight." "When interpreting a statute, courts 'are required to ascertain and give effect to the intention of the legislature, which is usually self-evident from the statutory language.'" Johnson v. Commonwealth, 53 Va. App. 608, 612, 674 S.E.2d 541, 543 (2009) (quoting Va. Polytechnic Inst. & State Univ. v. Interactive Return Serv., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006)). Furthermore, "[w]hen statutory language is clear and unambiguous, there is no need for construction by the court; the plain meaning of the enactment will be given it." HCA Health Servs. of Va., Inc. v. Levin, 260 Va. 215, 220, 530 S.E.2d 417, 420 (2000). The plain and

- 4 -

unambiguous reading of the improper driving statute makes clear that authority rests with the trial judge and not the jury to make the lesser degree of culpability determination. In the alternative, an attorney for the Commonwealth may reduce a reckless driving charge to improper driving at any time prior to the court's decision. Thus, only the trial judge, or the prosecutor before the verdict is rendered, has the prerogative to reduce a reckless driving charge to improper driving under Code § 46.2-869.[3]

Chibikom also claims the trial court erred in rejecting her proposed instruction because the instruction was "supported by more than a scintilla of evidence." Boone v. Commonwealth, 14 Va. App. 130, 132, 415 S.E.2d 250, 251 (1992) ("If any credible evidence in the record supports a proffered instruction on a lesser[-]included offense, failure to give the instruction is reversible error. . . . Such an instruction, however, must be supported by more than a mere scintilla of evidence."). Because we conclude that improper driving is not a lesser-included offense of reckless driving by speed, we need not address whether the evidence supported Chibikom's proposed instruction.

III.  CONCLUSION

For these reasons, we affirm the judgment of the trial court and Chibikom's conviction.

Affirmed.

---

[3] Indeed, had the legislature intended to permit the jury to make the lesser-degree of culpability determination under Code § 46.2-869, it could have included language in Code § 46.2-869 to reflect that intent. See, e.g., Code § 18.2-10(e), (f) (penalty for a Class 5 or 6 felony may be reduced "in the discretion of the jury or the court trying the case without a jury"); Code § 18.2-22(a)(3) (the punishment for conspiring to commit a felony where the maximum punishment is less than five years may be reduced "in the discretion of the jury or the court trying the case without a jury"); Code § 18.2-91 (penalty for statutory burglary may be reduced "in the discretion of the jury or the court trying the case without a jury"); Code § 18.2-95 (penalty for grand larceny may be reduced "in the discretion of the jury or the court trying the case without a jury").