COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Alston and Decker
Argued at Richmond, Virginia

PUBLISHED

STEVEN JOSEPH BLEVINS

v.      Record No. 1508-13-4

COMMONWEALTH OF VIRGINIA

OPINION BY
MARLA GRAFF DECKER
AUGUST 26, 2014

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

Edith M. Min (Eugene Frost; Mell & Frost, PC, on brief), for
appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Steven Joseph Blevins appeals his conviction of reckless driving in violation of Code

§ 46.2-852. The appellant argues that the evidence was insufficient to support his conviction.

He also contends that the trial court erred by not instructing the jury on improper driving as a

lesser-included offense of reckless driving. We hold that the evidence was sufficient to prove the

elements of reckless driving and the trial court properly refused the appellant's proposed jury

instruction on improper driving. Accordingly, we affirm the conviction.

I.  BACKGROUND

This case arises from a traffic accident that occurred on Interstate 95 in Stafford County.

The appellant was driving his pickup truck and hit a car driven by Dale Robertson. A passenger

in that car died as a result of the wreck.

The following evidence was presented at the appellant's trial for reckless driving.

Robertson testified that as he drove past the appellant's truck, he heard the truck engine "rev . . .

like [the appellant] was attempting to pass the traffic." The appellant's truck crossed into Robertson's lane. The front passenger side bumper of the truck struck Robertson's rear driver's side bumper. As a result, Robertson's car spun off the road, flipped, and hit a tree. The passenger in Robertson's car died, and Robertson suffered numerous injuries.

Robertson testified that the accident occurred on a rainy night with light to moderate traffic on the interstate. Additionally, according to Robertson, the appellant traveled near his vehicle for approximately forty-five minutes before the accident occurred. The appellant was driving his truck in the left lane of traffic. Robertson was driving his car in the center lane, initially behind the appellant. They drove in those respective lanes for approximately twenty minutes before the accident. Robertson was driving about seventy miles per hour. He testified that he and the appellant were driving appropriately for the conditions that night. He also stated that the appellant was not driving erratically.

Virginia State Trooper M.A. Oliver testified that he investigated the accident. He stated that the posted speed limit was sixty-five miles per hour. The appellant admitted to the trooper that he was driving between seventy-five and eighty miles per hour. He also told Oliver that he felt his truck shake and "pull in toward the left lane." Further, the appellant said that "his back end [of the truck] started to slip." He explained to the trooper that he had recently gotten his truck back after "get[ting] some work done on it." The appellant provided two written statements to the police that were generally consistent with his verbal statements to Oliver.

The appellant testified at trial. Much of his testimony was consistent with what he had previously told the police. He stated that he was driving between seventy and seventy-five miles per hour at the time of the accident. As Robertson drove partially past the appellant on the right, the appellant "clipped" Robertson's car when he crossed into Robertson's lane of traffic. The appellant stated, "I didn't lose control, but I did drift over." At that point, the appellant's truck

struck the side rear portion of the car. The appellant noted that because his truck was an automatic, he could not "just rev [his] engine . . . . It stays in gear." The appellant further explained that he recently had the motor replaced.

After the completion of all of the evidence, the appellant offered a jury instruction to allow the jury to consider whether the circumstances warranted a conviction for improper driving rather than reckless driving. The trial court determined that the appellant was not entitled to the instruction. The court reasoned that the plain language of the improper driving statute limited "the reduction of a charge of reckless driving solely to the discretion of the Court and not a jury hearing the case."

The jury found the appellant guilty of reckless driving. Based on the jury's recommendation, the trial court sentenced the appellant to ten months in jail. The appellant challenges the sufficiency of the evidence to support his conviction as well as the trial court's refusal to instruct the jury on improper driving.

## II. ANALYSIS

### A. *Sufficiency of the Evidence*

The appellant contends that the trial court erred by denying his motion to strike the evidence. He asserts that the evidence was insufficient to prove that he was driving in disregard of life, limb, or property.[1] We hold that the evidence, viewed in the light most favorable to the

---

[1] On brief, the appellant suggested that the Commonwealth did not exclude the "reasonable hypothesis of innocence" that his truck swerved due to a mechanical defect. However, at oral argument, appellant's counsel conceded that the hypothesis of innocence was not raised below and thus is procedurally barred on appeal. In light of the appellant's concession, we do not address this component of his argument on brief to the extent that it differs from his general challenge to the sufficiency of the evidence. See, e.g., Burford v. Commonwealth, 179 Va. 752, 756, 20 S.E.2d 509, 510 (1942) (declining to address assignments of error conceded by appellate counsel during oral argument); Cuffee v. Commonwealth, 61 Va. App. 353, 368 n.4, 735 S.E.2d 693, 700 n.4 (2013) (holding that by conceding an issue during oral argument the appellant effectively abandoned that argument).

Commonwealth, was sufficient to support the jury's finding of recklessness. Therefore, the trial court did not err in denying the motion to strike.

In this Court's review of the sufficiency of the evidence we must uphold the conviction unless it was plainly wrong or lacked evidence to support it. See, e.g., Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010); Spencer v. City of Norfolk, 271 Va. 460, 463, 628 S.E.2d 356, 358 (2006); Sarafin v. Commonwealth, 62 Va. App. 385, 403, 748 S.E.2d 641, 649 (2013). Additionally, on appellate review, this Court "examine[s] the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible" from that evidence. Crest v. Commonwealth, 40 Va. App. 165, 168, 578 S.E.2d 88, 89 (2003); see also Greenway v. Commonwealth, 254 Va. 147, 149, 487 S.E.2d 224, 225 (1997). To do so, we "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Crest, 40 Va. App. at 168, 578 S.E.2d at 89 (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

Critical to our analysis is that this Court applies a very specific standard of review on appeal. The fact finder was in the position to see and hear the witnesses as they testified and to make credibility determinations. Consequently, decisions regarding the credibility of the witnesses and the weight of the evidence are matters left solely to the fact finder below, in this case the jury. See Redmond v. Commonwealth, 57 Va. App. 254, 265, 701 S.E.2d 81, 86 (2010). In other words, we do not substitute as the trier of fact.

Further, "[m]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence [remains] a matter for the [fact finder] to decide." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27

(1964). The appellate court asks only whether a reasonable finder of fact could have rejected the defense theories and found the defendant guilty beyond a reasonable doubt. Jordan v. Commonwealth, 273 Va. 639, 646, 643 S.E.2d 166, 170 (2007).

In this case, the Commonwealth was required to establish beyond a reasonable doubt that the appellant was guilty of reckless driving. Bacon v. Commonwealth, 220 Va. 766, 769, 263 S.E.2d 390, 392 (1980). Code § 46.2-852 provides: "Irrespective of the maximum speeds permitted by law, any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving."

The term "'recklessly . . . imparts a disregard by the driver . . . for the consequences of his act and an indifference to the safety of life, limb, or property.'" Spencer, 271 Va. at 463, 628 S.E.2d at 358 (alterations in original) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970)). "The essence of the offence of reckless driving lies not in the act of operating a vehicle, but in the manner and circumstances of its operation." Powers, 211 Va. at 388, 177 S.E.2d at 630. Factors tending to show recklessness include erratic driving, "the likelihood of injury to other users of the highways," lack of control of the vehicle, driving in excess of the speed limit, "dangerous driving behavior," intoxication, and noncompliance with traffic markers. See, e.g., Spencer, 271 Va. at 464, 628 S.E.2d at 358; Mayo v. Commonwealth, 218 Va. 644, 648, 238 S.E.2d 831, 833 (1977); Miles, 205 Va. at 468, 138 S.E.2d at 27; Sheckler v. Anderson, 182 Va. 701, 705-06, 29 S.E.2d 867, 868-69 (1944); Crest, 40 Va. App. at 172, 578 S.E.2d at 91; Hall v. Commonwealth, 25 Va. App. 352, 355 n.3, 488 S.E.2d 651, 653 n.3 (1997); Phillips v. Commonwealth, 25 Va. App. 144, 156, 487 S.E.2d 235, 241 (1997). However, "'[f]ast' driving alone, without the element of endangering life, limb, or property, is not

sufficient to support a conviction for reckless driving." Spencer, 271 Va. at 464, 628 S.E.2d at 358.

Viewing the evidence in the light most favorable to the Commonwealth, the record completely supports the jury's conclusion that the appellant was guilty of reckless driving. The appellant was driving on the interstate on a rainy night at a speed between seventy-five and eighty miles per hour, which was ten to fifteen miles per hour over the posted speed limit. Visibility was limited, and the road was wet. When Robertson started to pull his car ahead of the appellant, the appellant increased his speed. When he did so, his truck went into the lane occupied by Robertson's vehicle and caused the collision. The appellant's front bumper on the passenger's side of the truck struck Robertson's rear driver's side bumper. The impact from the collision caused Robertson's car to veer off of the road. Robertson's vehicle flipped and hit a tree. The passenger in the car was killed.

The combined evidence of the appellant's speed on a rainy night with limited visibility, his aggressive driving, his failure to control his truck, and the death and injuries associated with the collision, provided a sufficient basis for the jury to conclude that he acted with disregard to life, limb or property. See, e.g., Miles, 205 Va. at 464, 138 S.E.2d at 24; Crest, 40 Va. App. at 174-75, 578 S.E.2d at 92-93; Travis v. Commonwealth, 20 Va. App. 410, 417, 457 S.E.2d 420, 423 (1995). Therefore, the evidence was sufficient to support the jury's verdict of reckless driving, and the trial court did not err in denying the motion to strike the evidence.

### B. Jury Instruction

The appellant argues that the trial court erred by refusing to instruct the jury on improper driving as a lesser-included offense of the general offense of reckless driving. The appellant asserts that the trial court erroneously held that the improper driving statute "precluded a jury from finding guilt on the reduced charge of improper driving." The Commonwealth contends

that the language in the improper driving statute precludes a jury from considering whether a charge for reckless driving should be reduced to improper driving. The Commonwealth cites Chibikom v. Commonwealth, 54 Va. App. 422, 426-27, 680 S.E.2d 295, 297 (2009), in support of this argument. We hold that, based on Code § 46.2-869, the applicable statute, the culpability determination for improper driving was exclusively the prerogative of the trial court, and in this case the court made no such finding.[2] Consequently, the appellant's proffered instruction was neither legally appropriate nor did it present a factual determination within the purview of the jury.

The matter of granting and denying jury instructions rests within the broad discretion of the trial court. Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009); Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (*en banc*). It is axiomatic that "'[t]he purpose of any jury instruction is to inform the jury of the law guiding their deliberations and verdict.'" Morgan v. Commonwealth, 50 Va. App. 120, 132, 646 S.E.2d 899, 905 (2007) (quoting Keen v. Commonwealth, 24 Va. App. 795, 807, 485 S.E.2d 659, 665 (1997)). However, a jury instruction is erroneous if it "incorrectly states the law." Lawlor v. Commonwealth, 285 Va. 187, 228, 738 S.E.2d 847, 870 (2013). "'[W]hether a jury instruction accurately states the relevant law is a question of law that we review de novo.'" Id. (quoting Orthopedic & Sports Physical Therapy Assocs., Inc. v. Summit Group Props., LLC, 283 Va. 777, 782, 724 S.E.2d 718, 721 (2012)).

The statute governing improper driving provides:

> Notwithstanding the foregoing provisions of this article,
> upon the trial of any person charged with reckless driving where

---

[2] In light of this conclusion, we do not reach the appellant's only other argument, that improper driving is a lesser-included offense of the offense of general reckless driving. See Podracky v. Commonwealth, 52 Va. App. 130, 134, 662 S.E.2d 81, 84 (2008) ("'[A]n appellate court decides cases on the best and narrowest ground available.'" (quoting Luginbhyl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*))).

the degree of culpability is slight, the court in its discretion may find the accused not guilty of reckless driving but guilty of improper driving. However, an attorney for the Commonwealth may reduce a charge of reckless driving to improper driving at any time prior to the court's decision . . . . Improper driving shall be punishable as a traffic infraction punishable by a fine of not more than $500.

Code § 46.2-869. There is no other code section governing improper driving. Thus, Code § 46.2-869 and the relevant case law frame our analysis of the issue.

This Court is bound by the plain meaning of the statute unless a literal interpretation of the language would result in a "manifest absurdity." See, e.g., Kozmina v. Commonwealth, 281 Va. 347, 349-50, 706 S.E.2d 860, 862 (2011); Breit v. Mason, 59 Va. App. 322, 335-36, 718 S.E.2d 482, 488-89 (2011) (construing separate state statutes together under the presumption that the legislature did not intend to enact the manifest absurdity of contradictory code sections), aff'd, L.F. v. Breit, 285 Va. 163, 736 S.E.2d 711 (2013). The plain and unambiguous language of the improper driving statute limits the authority "to make the lesser degree of culpability determination" to the discretion of the "trial judge and not the jury," or alternatively, the Commonwealth's attorney. Chibikom, 54 Va. App. at 426-27, 680 S.E.2d at 297. In short, "only the trial judge, or the prosecutor before the verdict is rendered, has the prerogative to reduce a reckless driving charge to improper driving under Code § 46.2-869."[3] Id. at 427, 680 S.E.2d at 297.

The appellant argues that by not specifically prohibiting juries from reducing a reckless driving charge to improper driving, the legislature left open the possibility that juries do, in fact,

---

[3] This Court decided Chibikom in 2009. The statute has not been amended since that time. The General Assembly is presumed to be aware of appellate court decisions, and "[i]ts acquiescence is deemed to be approval." Barson v. Commonwealth, 284 Va. 67, 74, 726 S.E.2d 292, 296 (2012); see also Cochran v. Commonwealth, 258 Va. 604, 607, 521 S.E.2d 287, 289 (1999) ("'Under these circumstances, the construction given to the statute is presumed to be sanctioned by the legislature and therefore becomes obligatory upon the courts.'" (quoting Vansant & Gusler, Inc. v. Washington, 245 Va. 356, 361, 429 S.E.2d 31, 33-34 (1993))).

have that power.  However, if the "legislature [had] intended to permit the jury to make the lesser-degree of culpability determination under Code § 46.2-869, it could have included language . . . to reflect that intent."  Id. at 427 n.3, 680 S.E.2d at 297 n.3.  "'[W]here a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute.'"  Conkling v. Commonwealth, 45 Va. App. 518, 522, 612 S.E.2d 235, 237 (2005) (quoting Commonwealth v. Brown, 259 Va. 697, 704-05, 529 S.E.2d 96, 100 (2000)).  Simply stated, when reviewing a statute, the appellate court must conclude that the General Assembly meant what it said.  See, e.g., Johnson v. Commonwealth, 58 Va. App. 625, 641, 712 S.E.2d 751, 759 (2011) ("'We can only administer the law as it is written.'" (quoting Uninsured Emp'rs Fund v. Wilson, 46 Va. App. 500, 506, 619 S.E.2d 476, 479 (2005))).

"When a statute contains a given provision with reference to one subject, the omission of such provision from a similar statute dealing with a related subject is significant to show the existence of a different legislative intent."  Williams v. Matthews, 248 Va. 277, 284, 448 S.E.2d 625, 629 (1994).  A "'comparison to other, similar statutes'" demonstrates "'that the General Assembly clearly knew how to [create such authority] . . . when it so desired.'"  Layne v. Crist Elec. Contr., Inc., 62 Va. App. 632, 642, 751 S.E.2d 679, 684 (2013) (alterations in original) (quoting Schwartz v. Schwartz, 46 Va. App. 145, 157-58, 616 S.E.2d 59, 66 (2005)).

The legislature, when establishing the punishment for offenses, has commonly used the phrase "in the discretion of the jury or the court trying the case without a jury."  See, e.g., Code §§ 18.2-10(e)-(f) (providing the punishments for Class 5 and Class 6 felonies); -22(a)(3) (conspiracy to commit a felony); -91 (statutory burglary); -95 (grand larceny); see also Code § 18.2-61(B) (using the phrase "in the discretion of the court or jury").  Likewise, the legislature has specifically given the jury *and* the trial court the authority to find a defendant guilty of

certain lesser-included offenses.  See, e.g., Code §§ 18.2-54 (unlawful wounding); 19.2-266.1

(homicide).  These code sections demonstrate that, with regard to Code § 46.2-869, the General

Assembly would have used express language to include the jury if it had intended to do so.  See,

e.g., Ratliff v. Commonwealth, 53 Va. App. 443, 447, 672 S.E.2d 913, 915 (2009) (holding that

"if the legislature had intended to embrace the definition of intoxication" supported by the

defendant, it would have included express language doing so).

The plain language of Code § 46.2-869, the only statute that addresses improper driving,

is, as we have explained, unambiguous and simply does not allow the jury in any circumstances

to reduce a charge of reckless driving to a conviction for improper driving.  The literal language

authorizes trial judges and prosecutors more discretion than given to the jury.  Virginia law has

numerous leniency provisions that are likewise reserved to the discretion of trial judges, not

juries.  For example, the statute proscribing improper boating provides that "upon the trial of any

person charged with reckless boating where the degree of culpability is slight, the court in its

discretion may find the accused not guilty of reckless boating but guilty of improper boating."

Code § 29.1-738.01.  Additionally, the statute prohibiting destruction of property authorizes the

trial court to, "in its discretion, dismiss the charge if the locality or organization responsible for

maintaining the injured property . . . files a written affidavit with the court stating it has received

full payment for the injury."  Code § 18.2-137.[4]  Thus, the only conclusion that can be reached is

that the General Assembly intended to reserve the act of leniency regarding reckless driving

---

[4] Other examples of authority in criminal proceedings given only to trial judges include
Code §§ 18.2-56.1 (authorizing revocation of a hunting license as a consequence of reckless
handling of firearms while hunting), -57.3 (giving limited authority to defer proceedings for
assault and battery against a family or household member), -61(C) (granting narrow authority to
defer proceedings for rape), -67.1(C) (giving limited power to defer proceedings for forcible
sodomy), -67.2 (permitting in certain circumstances deferring proceedings for object sexual
penetration),  -350 (allowing trial judges to sentence a person convicted for prostitution to serve
confinement at "a city or county farm or hospital"), and 19.2-303 (permitting trial judges to
suspend criminal sentences).

where the decree of culpability is slight to the trial court, or the prosecutor before the verdict. There is simply no statutory framework for instructing a jury on improper driving.

We hold that the improper driving statute does not provide the jury the discretion to reduce a general reckless driving charge to an improper driving conviction. Therefore, the trial court correctly interpreted the law and did not abuse its discretion by refusing to instruct the jury on improper driving.

## III. CONCLUSION

The evidence was sufficient to support the jury's finding of recklessness and sufficient to support the conviction for reckless driving. Accordingly, the trial court did not err in denying the appellant's motion to strike the evidence. Further, the trial court did not abuse its discretion in rejecting the appellant's proposed jury instruction on improper driving because as a matter of law the jury does not have the statutory authority to reduce a reckless driving charge to an improper driving conviction. Consequently, we affirm the conviction.

<u>Affirmed.</u>