UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judge Decker and Senior Judge Clements
Argued at Richmond, Virginia

JOSHUA MICAH LILLARD

MEMORANDUM OPINION[*] BY
v.        Record No. 1063-14-2        JUDGE JEAN HARRISON CLEMENTS
JULY 14, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
J. Howe Brown, Jr., Judge Designate

Joseph E. Hicks (Jarrell, Hicks & Waldman, P.C., on brief), for
appellant.

Susan Mozley Harris, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Appellant appeals his conviction of reckless driving. Appellant contends he was wrongly

convicted because the trial court erred in finding he "should have known" he was involved in an

accident, even though the trial court acquitted him of felony hit and run and found him to be a

credible witness. Finding the record supports the trial court's rulings, we affirm the conviction.

Background

Appellant was driving his tractor trailer southbound on Interstate 95. Susan and David

Fanfarillo were in their Volvo, also travelling on Interstate 95. The Fanfarillos testified Susan was

driving in the center lane when they heard and felt a "big bang" at the rear end of the driver's side of

the car. They stated the car turned perpendicular to the highway and was being pushed by a tractor

trailer truck. Their car separated from the truck and began to spin across the left lane. Their vehicle

hit another car, driven by Terry Rosvall, and their car continued to spin until it came to rest on the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

left-hand shoulder. David surmised appellant was in the left lane and clipped the rear driver's side quarter of their car as appellant was maneuvering into the center lane.

Rosvall testified he was travelling in the left lane when he heard what sounded like a collision behind him. He looked to the rear right to see what happened. He saw the Fanfarillos' car spinning toward his vehicle. Their car hit his vehicle in the left lane, and his car spun across the three lanes of traffic until it came to rest on the right shoulder of the highway. Rosvall stated the Fanfarillos' car was in the "middle lane."

The witnesses stated the truck continued travelling south on the highway without stopping or braking. Trooper Robert Hindenlang testified he investigated the accident and spoke with appellant at a nearby truck stop. Hindenlang pointed out damage to the truck, which included green paint consistent with the Fanfarillos' car and tire smears. Appellant stated that he was unaware he had been in an accident, but conceded that the damage to his truck had not been there when he started his trip that morning and that he must have had some kind of accident. After speaking with the witnesses and assessing the damage to the vehicles, the trooper concluded appellant was travelling in the left lane and hit the Fanfarillos' car as he was moving into the center lane. Hindenlang introduced photographs of appellant's truck, one of which closely depicted damage to the truck's front right bumper and headlight, as well as paint transfer, consistent with contact with the Fanfarillos' vehicle.

Appellant testified he had been travelling southbound and stopped at the truck stop for his mandatory break. Appellant stated that he would not be in the left lane because he knows trucks are prohibited in the left lane and that he would get a ticket. Appellant explained, and admitted photographs that showed, the blind spots on his truck are such that he would not see a car in the areas the Fanfarillos' car would have been. Appellant claimed if he had known about the accident, he would have stopped.

The trial court found that there was not sufficient evidence to prove appellant knew that the accident occurred to support the felony hit and run charge. Therefore, the trial court found appellant not guilty of the felony. However, the trial court also concluded

> the accident happened exactly as the Commonwealth's witnesses said it did . . ., but I cannot find beyond a reasonable doubt that he did know and ran from the scene. His actions after that are not really consistent with one running from the scene. . . . The reckless driving is another question. Driving down the road oblivious to these kinds of things that are happening to you in a huge tractor trailer truck is endangering the public and he is guilty of reckless driving.

The trial court convicted appellant of reckless driving.

Analysis

> In this Court's review of the sufficiency of the evidence we must uphold the conviction unless it was plainly wrong or lacked evidence to support it. See, e.g., Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010). Additionally, on appellate review, this Court "examine[s] the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible" from that evidence. Crest v. Commonwealth, 40 Va. App. 165, 168, 578 S.E.2d 88, 89 (2003). To do so, we "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Id. at 168, 578 S.E.2d at 89 (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).

Blevins v. Commonwealth, 63 Va. App. 628, 634, 762 S.E.2d 396, 398-99 (2014) (citations omitted).

Code § 46.2-852 states: "Irrespective of the maximum speeds permitted by law, any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb or property of any person shall be guilty of reckless driving."

> The term "'recklessly . . . imparts a disregard by the driver . . . for the consequences of his act and an indifference to the safety of life, limb, or property.'" Spencer [v. City of Norfolk, 271 Va. 460, 463, 628 S.E.2d 356, 358 (2006)] (alterations in original) (quoting Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970)).

- 3 -

> "The essence of the offence of reckless driving lies not in the act of operating a vehicle, but in the manner and circumstances of its operation." Powers, 211 Va. at 388, 177 S.E.2d at 630. Factors tending to show recklessness include . . . "the likelihood of injury to other users of the highways," lack of control of the vehicle, . . . "dangerous driving behavior," . . . and noncompliance with traffic markers.

Id. at 635, 762 S.E.2d at 399 (citations omitted).

Appellant conceded he was involved in the accident, though he was unaware that it occurred. The trial court determined the evidence did not prove beyond reasonable doubt that appellant knew the accident occurred. However, the trial court could further consider whether the manner and circumstances of appellant's driving were reckless. In making that determination, the trial court clearly rejected appellant's claim that he was not driving in the left lane. This Court will not disturb that finding. The trier of fact is not required to accept a party's evidence in its entirety, Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness, Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

The trial court determined that the accident happened in the way the Commonwealth's witnesses testified. The trooper's photographs demonstrated that the truck hit the Fanfarillos' vehicle at the front right of the truck. Despite appellant's claim to the contrary, and consistent with the Fanfarillos' testimony, the evidence showed appellant was travelling in the left lane, in violation of Code § 46.2-803.1. The trial court reasonably concluded that appellant was driving in a prohibited lane of travel. Further, appellant acknowledged that the Fanfarillos' car had to be in his blind spot. Failing to keep watch of surrounding vehicles moving into a tractor trailer's blind spots endangers the lives of others. By not ensuring a clear pathway to change lanes, while travelling at sixty-five miles-per-hour in a tractor trailer, appellant drove his truck in a dangerous manner that

was likely to cause injury to others.  Therefore, the manner and circumstances of appellant's operation of the tractor trailer proved he was driving recklessly.

Accordingly, the evidence supported the trial court's findings and the conviction for reckless driving is affirmed.

Affirmed.
