COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Huff and Lorish
Argued at Norfolk, Virginia

UNPUBLISHED

MICHAEL EARL JONES

MEMORANDUM OPINION[*] BY
v.          Record No. 0806-21-1          JUDGE GLEN A. HUFF
                                          MAY 16, 2023

CITY OF SUFFOLK

FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
W. Richard Savage, III, Judge

James L. Grandfield, Public Defender, for appellant.

Heather Emmert, Deputy Commonwealth's Attorney, for appellee.

The Circuit Court of the City of Suffolk (the "trial court") convicted Michael Earl Jones

("appellant") of reckless driving.  On appeal, appellant contends that the evidence is insufficient to

support his conviction.  Finding no error, this Court affirms the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  In

doing so, this Court discards any of appellant's conflicting evidence, and regards as true all credible

evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from

that evidence.  *Gerald*, 295 Va. at 473.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

On May 9, 2020, appellant was driving "an 18-wheel truck carrying hogs in its trailer" northbound along Carolina Road in the city of Suffolk. As the road curved to the left, appellant failed to negotiate the turn safely and the truck flipped over onto its right passenger side. Paul Watson, a front seat passenger in a van traveling southbound on Carolina Road, saw the accident occur.[1] He testified that the van in which he was riding was traveling the posted speed limit and that appellant's truck looked to be "travelling kinda fast" immediately before it overturned. Another witness, Lisa Ambrose, also testified that the truck "was going fast" before it flipped over. She had been stopped on a side street waiting to turn right (northbound) onto Carolina Road when she saw appellant drive by and crash.

Suffolk Police Department Officer Ben DeLugo arrived at the scene of the accident and began investigating. He noted that the posted speed limit was 55 miles per hour. Officer DeLugo saw tire marks on the road leading to the place where the truck came to rest. Based on the tire marks, Officer DeLugo opined that appellant had not used his brakes before crashing.

In his motion to strike, appellant argued that "the mere happening of an accident does not indicate recklessness, nor did any witness testify as to the speed of the truck, other than in the qualitative fashion of witnesses Watson and Ambrose." Relying on the witnesses' testimony, the trial court concluded that appellant was traveling fast and that his actions were reckless. Consequently, the trial court convicted appellant and fined him $250. This appeal followed.

STANDARD OF REVIEW

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting

---

[1] Watson directed the van driver to stop and then called 911 before attempting to aid appellant.

*Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). So long as "there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).[2] Under this standard of review, this Court defers to "decisions regarding the credibility of the witnesses and the weight of the evidence [which] are matters left solely to the fact finder below." *Blevins v. Commonwealth*, 63 Va. App. 628, 634 (2014). And all "reasonable inferences" the fact finder draws from the evidence "cannot be upended on appeal unless [this Court] deem[s] them 'so attenuated that they push into the realm of *non sequitur*.'" *Perkins*, 295 Va. at 332 (quotation marks omitted) (quoting *Bowman v. Commonwealth*, 290 Va. 492, 500 (2015)).

ANALYSIS

Appellant was convicted of violating the Suffolk City Code, which substantially mirrors Code § 46.2-852 in defining "reckless driving: "any person who drives a vehicle on any street or highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving." "The term 'recklessly . . . imparts a disregard by the driver . . . for the consequences of his act and an indifference to the safety of life, limb, or

---

[2] "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict." *Crest v. Commonwealth*, 40 Va. App. 165, 174 (2003) (quoting *Reynolds v. Commonwealth*, 30 Va. App. 153, 163 (1999)).

property.'" *Blevins*, 63 Va. App. at 635 (quoting *Spencer v. City of Norfolk*, 271 Va. 460, 463 (2006)). "The essence of the offence of reckless driving lies not in the act of operating a vehicle, but in the manner and circumstances of its operation." *Id.* (quoting *Powers v. Commonwealth*, 211 Va. 386, 388 (1970)).

Multiple factors may indicate recklessness, "includ[ing] erratic driving, 'the likelihood of injury to other users of the highways,' lack of control of the vehicle, driving in excess of the speed limit, 'dangerous driving behavior,' intoxication, and noncompliance with traffic markers." *Id.* (citing examples).[3] Thus, although the "[t]he mere happening of an accident does not give rise to an inference of reckless driving," the specific facts and circumstances that lead to and cause the accident often will. *Crest v. Commonwealth*, 40 Va. App. 165, 174 (2003) (quoting *Powers*, 211 Va. at 388). Here, the evidence was sufficient, "without resort to speculation and conjecture," for the trial court to find appellant guilty beyond a reasonable doubt. *Kennedy v. Commonwealth*, 1 Va. App. 469, 470 (1986).

Two witnesses, with two different vantage points, saw appellant driving fast immediately before overturning, indicating that appellant was speeding. Officer DeLugo testified that the tire marks left on the road from appellant's truck indicated that appellant did not use his brakes prior to the crash. Based on these facts, and the accident itself, a rational trier of fact could reasonably infer that the crash was a result of appellant's recklessness.

---

[3] This Court has recognized that "[f]ast driving alone, without the element of endangering life, limb, or property, is not sufficient to support a conviction for reckless driving." *Blevins*, 63 Va. App. at 636 (alteration in original) (quoting *Spencer*, 271 Va. at 464). Therefore, "[w]hat distinguishes a speeding violation from the misdemeanor of reckless driving . . . is the likelihood of injury to other users of the highways." *Commonwealth v. Cady*, 300 Va. 325, 328-29 (2021) (quoting *Mayo v. Commonwealth*, 218 Va. 644, 648 (1977)). "Determining 'the degree of the hazard posed' by the defendant's driving, therefore, heavily 'depends upon the circumstances in each case.'" *Id.* (quoting *Mayo*, 218 Va. at 648).

And even if appellant did not exceed the posted speed limit of 55 miles per hour, the evidence supports the conclusion that he was certainly travelling too fast for the highway conditions. Both Watson and Ambrose, who were travelling in significantly smaller cars, perceived appellant to be driving fast as he approached the bend in the road. Appellant did not use his brakes to reduce his speed before attempting to navigate that curve. As a result, he could not maintain control of his 18-wheel transport truck, filled with heavy cargo, thus veering off the right-hand side of the road and overturning. The totality of these circumstances evinced appellant's "disregard . . . for the consequences of his act[ions]" and provided a sufficient basis for the trial court to conclude he drove at a speed or in a manner that endangered the life, limb, or property of any person. *Blevins*, 63 Va. App. at 635 (quoting *Spencer*, 21 Va. App. at 463); *see also Commonwealth v. Cady*, 300 Va. 325, 329-30 (2021). Therefore, viewed in the light most favorable to the Commonwealth, the record supports the trial court's conclusion that appellant drove recklessly.

## CONCLUSION

Finding the evidence sufficient to prove appellant guilty of reckless driving, this Court affirms his conviction.

*Affirmed.*